UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   21-14002-CR-MIDDLEBROOKS/MAYNARD(s)(s)

UNITED STATES OF AMERICA

v.

MARQUIS SHAROD BELLAMY,
      a/k/a "Bumpy,"

                                    Defendant.
_____/

## UNITED STATES' SENTENCING MEMORANDUM

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, and hereby submits its Sentencing Memorandum in the above-referenced case.

## BACKGROUND

On February 4, 2021, the United States charged Marquis Sharod Bellamy ("M. Bellamy"), Coy Lee Bellamy, Jr. ("C. Bellamy"), Takaria Vashon McCray ("T. McCray"), and Markyrie McCray, Sr. ("M. McCray, Sr.") in a Second Superseding Information with, among other things, conspiracy to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 (Count One), and M. Bellamy with possessing a firearm/ammunition as a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1) (Count Seventeen).  (Doc. No. 39.)  On April 7, 2021, M. Bellamy pled guilty to Counts One and Seventeen of the Second Superseding Information pursuant to a written plea agreement with the United States.   (Doc. Nos. 91-92.)

Bellamy's sentencing hearing is scheduled for July 2, 2021.   According to the Presentence Investigation Report ("PSI"), M. Bellamy has a total offense level of 31 and criminal history

1

category of VI, which yields an advisory sentencing guideline range of 188 – 235 months' imprisonment.   (PSI at ¶¶ 78, 92-94, 131-32.)   M. Bellamy is an armed career criminal, which subjects him to a mandatory minimum sentence of 180 months' imprisonment as to Count Seventeen.   Specifically, M. Bellamy has felony convictions under Florida law for, among other things, possession of cannabis within 1000 feet of a church with the intent to sell (2013), possession of cannabis within 1000 feet of a church with the intent to sell (2013), and sale of cannabis within 1000 feet of a church (2013), each of which qualifies as a separate predicate serious drug offense under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).   (PSI at ¶¶ 82-84.)[1]

The ACCA mandates a fifteen-year minimum sentence for a felon who unlawfully possesses a firearm or ammunition after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another[.]" 18 U.S.C. § 924(e)(1).   As relevant here, the statute defines "serious drug offense" as "an offense under the Controlled Substances Act ["CSA"] . . . for which a maximum term of imprisonment of ten years or more is prescribed by law" *or* "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law."   18 U.S.C. § 924(e)(2)(A)(ii).

Each of the above-referenced offenses constitute second degree felonies, punishable by a maximum term of imprisonment of fifteen years under Florida law.   *See* Fla. Stat. §§ 893.13(1)(e)(2); 893.03(1)(c); 775.082(3)(c).   Each of these offenses also involved distributing, or possessing with intent to manufacture or distribute, a controlled substance, to wit: marijuana.

---

[1] The corresponding *Shepard* documents for these convictions are attached hereto as Exhibit "A."

*See, e.g., Shular v. United States*, 140 S.Ct. 779, 784-87 (2020) (holding that all violations of Fla. Stat. § 893.13(1) that are punishable by ten years or more qualify as "serious drug offenses" under the ACCA); *United States v. Smith*, 775 F.3d 1262, 1267–68 (11th Cir. 2014) (same).   Finally, each of these offenses were committed on different dates, to wit: July 21, 2011; July 18, 2012; and August 13, 2012.   *See* Ex. A.   Thus, there is no question that they were committed on occasions different from one another.   *See, e.g., United States v. Davies*, 391 F. App'x 822, 825 (11th Cir. 2010) (holding that sale of cocaine convictions under Florida law each qualified as predicate serious drug offenses under the ACCA because the underlying offenses took place on separate dates – April 27, 1994 and April 29, 1994); *accord United States v. Davis*, 643 F. App'x 548, 550 (6th Cir. 2016) ("The district court sensibly concluded that Davis had previously committed at least three serious drug offenses on different occasions.   Here, Davis sold a half-gram of cocaine on four discrete dates [spanning 14 days.]"); *United States v. Roach*, 958 F.2d 679, 684 (6th Cir. 1992) ("Because appellant committed drug offenses on three different days (March 11th, 12th, and 26th), these offenses do not constitute a single criminal episode, and the district court properly enhanced appellant's sentence pursuant to 18 U.S.C. § 924(e)(1) because he had four prior felony convictions for either a violent felony or serious drug offense.") (citations omitted).

Accordingly, M. Bellamy is properly classified as an armed career criminal.[2]

For the reasons that follow, the United States respectfully submits a sentence of 180 months' imprisonment as to Counts One and Seventeen, to be served concurrently, is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the

---

[2] M. Bellamy is also properly classified as a career offender under Section 4B1.1 of the Guidelines based on the above-referenced convictions and a 2017 conviction for possession of cannabis with the intent to sell.   (PSI at ¶¶ 75, 88.); *see also* Ex. B.

law, provide just punishment, afford adequate specific and general deterrence, and protect the public from further crimes of the defendant.

## ANALYSIS

### *Nature and Circumstances of the Offense*

On February 15, 2019, a confidential source ("CS") purchased 28 grams of cocaine from M. Bellamy for $1,200.00, during a controlled buy that took place at a drug house utilized by M. Bellamy in Lake Placid, Florida.   (PSI at ¶ 11.)

On October 4, 2019, the Court issued an order authorizing the interception of wire and electronic communications over a cellular telephone ("TARGET TELEPHONE 1"), utilized by C. Bellamy.   Interceptions over TARGET TELEPHONE 1 took place from October 4, 2019, through November 2, 2019.   (*Id*. at ¶ 16.)   C. Bellamy was intercepted over the wiretap agreeing to sell crack, cocaine, hydromorphone, and marijuana to dozens of customers.   Over the course of the wiretap, law enforcement identified M. Bellamy as one of C. Bellamy's sources of supply for cocaine.   (*Id*. at ¶ 18.)

On October 31, 2019, a CS purchased 14.41 grams of cocaine from M. Bellamy for $550.00, during a controlled buy that took place outside of M. Bellamy's residence in Lake Placid. (*Id*. at ¶ 25.)

On November 7, 2019, a CS purchased 13.5 grams of cocaine from M. Bellamy for $550.00, during a controlled buy that took place inside M. Bellamy's residence in Lake Placid. (*Id*. at ¶ 26.)

On March 11, 2020, a state search warrant was executed at M. Bellamy's residence in Lake Placid.   Law enforcement seized, among other things, the following items from M. Bellamy's residence:

A white powdery substance, believed to be utilized as a cutting agent;
Approximately 600 grams of marijuana;
Digital scales;
$1,490.00 in U.S. currency; and
A loaded Smith & Wesson, 9mm semi-automatic firearm

The drugs, digital scales, cutting agent, and loaded firearm were all located in the closet of the master bedroom of the residence.   The money was located on M. Bellamy's person.   (*Id*. at ¶ 36.)

M. Bellamy ultimately admitted that between January 2019 and March 2020, he conspired with C. Bellamy, and others, to distribute cocaine in the Southern District of Florida.   In total, M. Bellamy distributed at least 400 grams of cocaine in the Southern District of Florida between January 2019 and March 2020.   (*Id*. at ¶ 55.)

The nature and circumstances of the present offense justify a sentence of 180 months' imprisonment.

### History and Characteristics of the Defendant

M. Bellamy's criminal history also merits attention as it reveals a complete disregard for the law and lack of respect for authority.   Indeed, M. Bellamy, who is only 29 years old, has already amassed more than 6 separate adult felony convictions, including four drug trafficking convictions and a conviction for fleeing and eluding in a vehicle.   (PSI at ¶¶ 82-84, 87-89.)   M. Bellamy was released from prison on his most recent drug trafficking conviction in February 2018. (*Id*. at ¶ 88.)   He began distributing cocaine at least as early as January 2019, *less than a year after he was released from prison*.   (*Id*. at ¶ 55.)

The United States submits M. Bellamy's criminal history evinces an alarming level of recidivism and suggests he will continue to violate the law when not incarcerated.   M. Bellamy's prior periods of incarceration clearly were not sufficient enough to impress upon him the need to

obey the law and conform his conduct to the requirements of society.   M. Bellamy is an armed career criminal and career offender in both name and deed.   M. Bellamy's criminal history indicates a significant sentence is necessary.

***The Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment for the Offense, Afford Adequate Deterrence, and Protect the Public from Further Crimes of the Defendant***

M. Bellamy was an armed drug dealer who peddled his wares on the streets of Lake Placid. The crimes M. Bellamy now stands convicted of are serious and dangerous.   As the Court is well aware, drug trafficking is an inherently dangerous activity and the combination of drugs and guns substantially increases the risk of physical harm to others.   If there is ever any progress to be made stopping the unlawful distribution of controlled substances in the United States, those who traffic in significant amounts of illicit substances must be held accountable for their actions.   The fact M. Bellamy has not served a sentence as long as the one he now faces may well be the reason he continues to violate the law.   A significant sentence is necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes.

## CONCLUSION

Based on the foregoing, the United States respectfully requests the Court to sentence the defendant to 180 months' imprisonment as to Counts One and Seventeen, to be served concurrently.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By:   **/s/Michael D. Porter**
        Michael D. Porter
        Assistant United States Attorney
        Florida Bar# 0031149
        101 South U.S. Highway 1
        Suite 3100
        Fort Pierce, Florida 34950
        Telephone: (772) 293-0950
        Email:michael.porter2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.   All other parties will be served by either regular U.S. mail or inter-office delivery.

        **/s/Michael D. Porter**
        Michael D. Porter
        Assistant United States Attorney