**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.   21-14002-CR-MIDDLEBROOKS/MAYNARD(s)(s)**

UNITED STATES OF AMERICA

v.

**MARQUIS SHAROD BELLAMY,**
    a/k/a "Bumpy,"

                         **Defendant.**

_____/

**STIPULATION OF FACTS AND ACKNOWLEDGMENT OF OFFENSE**
**ELEMENTS IN SUPPORT OF GUILTY PLEA**

The United States of America, by and through the undersigned Assistant United States Attorney, and Marquis Sharod Bellamy, a/k/a "Bumpy," (hereinafter referred to as the "Defendant" or "M. Bellamy"), together with his counsel, admit that the United States can prove the allegations contained in Count One and Count Seventeen of the Second Superseding Information, which charge the Defendant with conspiracy to distribute a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846 (Count One), and possession of a firearm and ammunition as a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Seventeen).   The Defendant also stipulates that the following recitation of the facts shall constitute the underlying factual basis for his guilty plea.   These facts are not all of the facts known to the United States in this case and are offered merely to provide a sufficient factual basis to support the Defendant's guilty plea.

On February 15, 2019, a confidential source ("CS") purchased approximately 28 grams of cocaine from M. Bellamy for $1,200.00, during a controlled buy that took place at a drug house utilized by M. Bellamy, located on Crestmore Drive, in Lake Placid, Highlands County, Florida.

1

Law enforcement monitored this transaction "live" through audio and video monitoring and recording devices, which law enforcement provided to the CS. During this transaction, the CS made contact with M. Bellamy inside the drug house on Crestmore Drive, at which point M. Bellamy provided the CS with approximately 28 grams of cocaine. Law enforcement then followed the CS to a rendezvous point, at which point law enforcement retrieved approximately 28 grams of cocaine from the CS. DEA lab results confirmed that the substance related to this controlled buy tested positive for cocaine, a schedule II controlled substance. This controlled buy was recorded with both audio and video. The recording shows M. Bellamy handing the cocaine to the CS while inside the drug house.

On October 4, 2019, the Honorable Robin L. Rosenberg, United States District Judge, Southern District of Florida, issued an order bearing number 19-WT-80006-ROSENBERG authorizing the interception of wire and electronic communications over a cellular telephone serviced by AT&T with assigned telephone number (863) 243-2394 and International Mobile Subscriber Identity Number (IMSI) 310150917791359 ("TARGET TELEPHONE 1"), utilized by Coy Lee Bellamy, Jr. ("C. Bellamy"). Interceptions over TARGET TELEPHONE 1 took place from October 4, 2019, through November 2, 2019.

Over the course of the wiretap, law enforcement identified M. Bellamy as one of C. Bellamy's sources of supply for cocaine.

The following is an excerpt from an intercepted call between C. Bellamy and M. Bellamy on October 6, 2019:

M. Bellamy:   **Got some more coke?**

C. Bellamy:   Yeah. Gotta give me a minute, I'm coming around the circle.

M. Bellamy:   Huh?

2

C. Bellamy:    Said I'm coming around the circle.

M. Bellamy:    *Where at, where at . . . the coke?*

C. Bellamy:    *I about sold all that shit. Willie came and bought another quarter.*

M. Bellamy:    *Who? When, oh you done sold it?*

C. Bellamy:    *I got a little bit left.*

M. Bellamy:    *Oh.*

C. Bellamy:    *Right at a quarter.*

M. Bellamy:    Alright.

C. Bellamy:    Yeah.

M. Bellamy:    Alright.

The following is an excerpt from an intercepted call between C. Bellamy and M. Bellamy on October 19, 2019:

M. Bellamy:    Yeah. Yo.

C. Bellamy:    Hello.

M. Bellamy:    Yeah.

C. Bellamy:    *How much coke you got left?*

M. Bellamy:    What up?

C. Bellamy:    *Coke.*

M. Bellamy:    *Five. Six.*

C. Bellamy:    *Cause I got a sale for some, I don't want to sell mine if you ain't got no more.*

M. Bellamy:    *Alright go ahead.*

C. Bellamy:    Huh?

3

M. Bellamy:   Go ahead.

C. Bellamy:   Alright.

The following is an excerpt from an intercepted call between C. Bellamy and M. Bellamy on October 21, 2019:

M. Bellamy:   Yeah.

C. Bellamy:   *I need a zip, man.*[1]

M. Bellamy:   What that?   Whatcha called?

C. Bellamy:   Yeah.

M. Bellamy:   When you need it now?

C. Bellamy:   Yeah whenever you come over.

M. Bellamy:   *What it, what.   What you had done got rid of that other one?*

C. Bellamy:   *Nah, I got rid of the one I cut, I cooked two.   I just sold the other one.*

M. Bellamy:   *Oh you got rid of the one you cut?   Alright.*

The following is an excerpt from an intercepted call between C. Bellamy and T. McCray on October 25, 2019:

C. Bellamy:   What's up T.K.?

T. McCray:   *Hey, hey what Bump sell an ounce for, nine-hundred?*[2]

C. Bellamy:   *Ah, ten-fifty, I got 'em for ten-fifty.*

T. McCray:   Huh?

C. Bellamy:   I got him for ten-fifty.   Bump's out here at the store playing lotto tickets man.

---

[1]  A "zip" is slang for an ounce.

[2]  M. Bellamy's nickname is "Bump" or "Bumpy."

T. McCray:   *Hey ask that ni\*\*er what he'd sell, what he'd sell me an ounce of coke for.*

C. Bellamy:   *Alright.*

The following is an excerpt from an intercepted call between C. Bellamy and M. Bellamy on October 25, 2019, which took place approximately one minute after the above-referenced call:

M. Bellamy:  Yo.

C. Bellamy:  T.K. trying to call ya.

M. Bellamy:  Who?

C. Bellamy:  T.K.

M. Bellamy:  T.J. who?

C. Bellamy:  T.K.

M. Bellamy:  What he want?

C. Bellamy:  I know his coke . . . Pimp . . .

M. Bellamy:  Huh?

C. Bellamy:  *Him and Pimp needing some coke.*[3]

M. Bellamy:  *Coke.*

C. Bellamy:  Yeah him and Pimp done fell out . . . poor Pimp got to go to prison.

M. Bellamy:  Why he got to go to prison?

C. Bellamy:  T.K. got pulled in, in Fort Myers, and used Pimp's name.  Pimp was out the county.

M. Bellamy:  Why did he did that?

C. Bellamy:  T.K. ain't got no license.

---

[3]  M. McCray, Sr.'s nickname is "Pimp."

M. Bellamy: Damn. What the fuck that do?

C. Bellamy: Remember they ain't supposed to, they can't go out of the county, they can't go up, they can go south but they can't go up.

M. Bellamy: They probably ain't gonna, they probably ain't gonna do nothing. You think so?

C. Bellamy: I don't know he told me yesterday said he might have to go.

. . . .

C. Bellamy: *He trying to get a zip.*

M. Bellamy: *A zip?*

C. Bellamy: *Yeah.*

M. Bellamy: *Alright.*

The following is an excerpt from an intercepted call between C. Bellamy and T. McCray on October 25, 2019, which took place approximately one minute after the above-referenced call:

T. McCray: Yeah?

C. Bellamy: *It's ten fifty T.K., he's fixing to call you.*

T. McCray: Alright.

On October 31, 2019, a CS purchased approximately 14.41 grams of cocaine from M. Bellamy for $550.00, during a controlled buy that took place outside of M. Bellamy's residence, located on Observation Street in Lake Placid, Highlands County, Florida. Law enforcement monitored this transaction "live" through audio and video monitoring and recording devices, which law enforcement provided to the CS. During this transaction, the CS made contact with M. Bellamy outside of his residence, at which point M. Bellamy provided the CS with approximately 14.41 grams of cocaine. Law enforcement then followed the CS to a rendezvous point, at which point law enforcement retrieved approximately 14.41 grams of cocaine from the CS. DEA lab

6

results confirmed that the substance related to this controlled buy tested positive for cocaine, a schedule II controlled substance. This controlled buy was recorded with both audio and video. The recording shows M. Bellamy exiting his residence and handing the CS the cocaine.

On November 7, 2019, a CS purchased approximately 13.5 grams of cocaine from M. Bellamy for $550.00, during a controlled buy that took place inside M. Bellamy's residence, located on Observation Street in Lake Placid, Highlands County, Florida. Law enforcement monitored this transaction "live" through audio and video monitoring and recording devices, which law enforcement provided to the CS. During this transaction, the CS made contact with M. Bellamy inside his residence, at which point M. Bellamy provided the CS with approximately 13.5 grams of cocaine. Law enforcement then followed the CS to a rendezvous point, at which point law enforcement retrieved approximately 13.5 grams of cocaine from the CS. DEA lab results confirmed that the substance related to this controlled buy tested positive for cocaine, a schedule II controlled substance. This controlled buy was recorded with both audio and video. The recording shows M. Bellamy weighing the cocaine before he hands it to the CS while inside his residence.

On March 11, 2020, a state search warrant was executed at M. Bellamy's residence, located on Observation Street in Lake Placid, Highlands County, Florida. M. Bellamy and his girlfriend, ("V.C."), were present when the search warrant was executed. Law enforcement seized, among other things, the following items from M. Bellamy's residence:

A white powdery substance, believed to be utilized as a cutting agent;
Approximately 600 grams of marijuana;
Digital scales;
$1,490.00 in U.S. currency; and
A loaded Smith & Wesson, 9mm semi-automatic firearm.

7

The drugs, digital scales, cutting agent, and loaded firearm were all located in the closet of the master bedroom of the residence.   The money was located on M. Bellamy's person.

The loaded Smith & Wesson, 9mm semi-automatic firearm recovered from M. Bellamy's residence was processed for DNA evidence.   A forensic DNA analyst examined DNA recovered from the firearm and compared it to M. Bellamy's DNA profile.   The forensic analyst determined that the DNA recovered from the firearm indicated there were five contributors.   The forensic analysts further determined that it is 34 quadrillion times more probable that the DNA recovered from the firearm originated from M. Bellamy and four unknown persons than if it originated from five unknown persons.

The loaded Smith & Wesson, 9mm semi-automatic firearm recovered from M. Bellamy's residence was manufactured outside the State of Florida, and therefore traveled in and affected interstate commerce.   The loaded Smith & Wesson, 9mm semi-automatic firearm recovered from M. Bellamy's residence also qualifies as a firearm under federal law.

M. Bellamy has prior felony convictions out of the State of Florida for: (1) possession of cannabis with intent to sell; (2017); (2) fleeing or attempting to elude (2016); (3) possession of cannabis within 1000 feet of a church with intent to sell (2013); (4) possession of cannabis within 1000 feet of a church with intent to sell (2013); and (5) sale of cannabis within 1000 feet of a church (2013).   M. Bellamy served time in the Florida Department of Corrections for several of these offenses.   M. Bellamy stipulates that he knew he was a convicted felon and prohibited by law from possessing firearms.

M. Bellamy stipulates that beginning as early as January 2019, and continuing through March 2020, he conspired with Coy Lee Bellamy, Jr., and others, to distribute cocaine in the Southern District of Florida.   M. Bellamy further stipulates that between January 2019 and March

8

2020, he distributed at least 400 grams but less than 500 grams of cocaine in the Southern District of Florida, in furtherance of the conspiracy charged in Count One of the Second Superseding Information.

The defendant is aware of and understands the nature of the charges to which he is pleading guilty and understands that had he proceeded to trial, the United States would have had to prove the following elements beyond a reasonable doubt:

**Count 1:   Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846:**

(1)     Two or more persons in some way agreed to try to accomplish a shared and unlawful plan to distribute cocaine; and

(2)     The defendant knew the unlawful purpose of the plan and willfully joined in it.

**Count 17:   Title 18, United States Code, Section 922(g)(1):**

(1)     The defendant knowingly possessed a firearm or ammunition in or affecting interstate or foreign commerce;

(2)     Before the defendant possessed the firearm or ammunition, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense; and

(3)     Before possessing the firearm or ammunition, the defendant knew he had been convicted of a felony offense.



The defendant and his attorney agree that the facts recited above meet these elements.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
~~ARIANA FAJARDO ORSHAN~~
ACTING UNITED STATES ATTORNEY

Date: 4/7/2021

BY: _____
MICHAEL D. PORTER
ASSISTANT UNITED STATES ATTORNEY

Date: 4/7/21

_____
VALENTIN RODRIGUEZ
ATTORNEY FOR DEFENDANT

Date: _____

_____
MARQUIS SHAROD BELLAMY, a/k/a "BUMPY"
DEFENDANT