UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  22-14391-CV-MIDDLEBROOKS
(CASE NO.  21-14002-CR-MIDDLEBROOKS)

MARQUIS SHAROD BELLAMY,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

                                /

**ORDER DENYING
MOTION TO VACATE - 28 U.S.C. § 2255**

**THIS CAUSE** is before the Court before the Court upon the Movant Marquis Sharod Bellamy's ("Movant") *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255 ("Section 2255 Motion") challenging his convictions and sentences following entry of a guilty plea in *United States v. Bellamy*, No. 21-14002-Cr-Middlebrooks (S.D. Fla.). (DE 1). [1] Movant raises multiple ineffective assistance of counsel claims for failing to challenge the Court's determination that he had the required qualifying predicate "serious drug offenses" to support his enhanced sentence under the Armed Career Criminal Act ("ACCA"). (*Id.* at 4-5). After careful consideration of the Section 2255 Motion (DE 1), Movant's Supplements (DE 17, 19), the Government's Responses with supporting exhibits (DE 14, 15-1, 21), the Movant's Replies (DE 18, 22), and pertinent parts of the underlying criminal record, the Section 2255 Motion is **DENIED with prejudice**.

---

[1] Citations to the civil docket are designated "DE ___." Citations to the criminal docket are designated "CR DE __." The Court also takes judicial notice of the filings in the corresponding criminal case. *See* Fed. R. Evid. 201; *Nguyen v. U.S.*, 556 F.3d 1244, 1259 n. 7 (11th Cir. 2009) (quoting *U.S. v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)).

## I.   BACKGROUND

A.      <u>Criminal Proceedings</u>

In 2021, a Second Superseding Information was filed charging Movant with conspiracy to distribute cocaine (Count 1), and felon in possession of a firearm and ammunition (Count 17). (CR DE 39). On April 7, 2021, Petitioner pled guilty to Counts 1 and 17 pursuant to a negotiated plea agreement. (CR DE 91-92). Notably, the plea agreement contained an appellate waiver. (CR DE 92 at 5-6).

Prior to sentencing, the probation officer prepared a Presentence Investigation Report ("PSI") which described Movant's crimes and calculated his criminal history. Because the Movant qualified for an armed career criminal enhancement,[2] Movant's initial adjusted base offense level 28 was increased to a level 34. (PSI ¶ 75). Movant had a total of nineteen criminal history points which established a criminal history category VI. (PSI ¶¶ 90-92). As an armed career criminal, Movant's criminal history category VI remained unchanged. (PSI ¶ 93). Movant was awarded a three-level reduction to his base offense level for his timely acceptance of responsibility, resulting in a total adjusted base offense level 31. (PSI ¶¶ 76-78). Consequently, Movant's advisory guideline range was 188 to 235 months in prison based on a total offense level 31 and criminal history category VI. (PSI ¶ 132). Statutorily, as to Count 1, Movant faced a maximum twenty (20) years in prison and as to Count 17, he faced a minimum of fifteen (15) years and up to a maximum lifetime term of imprisonment. (PSI ¶ 131).

---

[2] Notably, the PSI also determined Movant qualified as a career offender under U.S.S.G. § 4B1.1(b)(3) based on multiple qualifying drug offenses, resulting in a career offender base offense level 32. (PSI ¶ 75). Because the offense for an armed career criminal was a level 34, greater than that of the career offender enhancement, the PSI uitilized the armed career criminal enhancement when calculating Movant's guideline range. (*Id.*). As a result, Movant's base offense level was increased as an armed career criminal from a level 28 to a level 34. (*Id.*).

Movant's counsel filed "Objections to the PSI and Sentencing Memorandum." (CR DE 118). Therein, Movant requested participation in the RDAP Program, that I consider the 18 U.S.C. § 3553(e) factors, and requested a variance down to 180 months--the minimum mandatory as to Count 17. (CR DE 118; CV DE 15-1 at 1-3). At sentencing, I recognized that, while the marijuana offenses are drug offenses, I would not have viewed them to be of the nature or type that required designation. (*Id.* at 3). After considering the statements of the Parties, the PSI containing the advisory guidelines and statutory factors, I found the Parties' agreement of a 180-month sentence to be sufficient and reasonable. (*Id.* at 8). As a result, I sentenced Movant to two concurrent terms of 180 months in prison, to be followed by three years of supervised release. (*Id.*). On July 2, 2021, the written Judgment was entered on the Court's docket. (CR DE 123). Movant did not file a direct appeal. (DE 1 at 1). Thus, Movant's conviction became final on **July 16, 2021,** when the fourteen-day period for prosecuting a direct appeal expired. *See* Fed. R. App. P. 4(b)(1)(A)(i) (2016); Fed. R. App. P. 26(a) (2016); *United States v. Anderson*, 708 F. App'x 563, 567-68 (11th Cir. 2017) (citing Fed. R. App. P. 4(b)(1)); *Adams v. United States*, 173 F.3d 1339, 1342 n. 2 (11th Cir. 1999) (explaining that a conviction becomes final when the time for filing a direct appeal expires).

On June 30, 2022, Movant filed a "Petition for Appointment of Counsel" ("Petition") requesting that counsel be appointed to assist him in challenging his enhanced sentence based on the Eleventh Circuit's decision in *United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022) ("*Jackson I*").[3] However, *Jackson I* has since been vacated by *United States v. Jackson*, 55 F.4th

---

[3] In *Jackson I*, the Eleventh Circuit held that pre-2017 convictions under Florida law, for sale of cocaine and possession with intent to sell cocaine, are not "serious drug offenses" under the Armed Career Criminal Act ("ACCA"). *Jackson*, 36 F.4th at 1301-06.

846 (11th Cir. 2022) ("*Jackson II*").[4] (CR DE 181). In its Response, the Government argues that

Movant has no constitutional right to appointment of counsel under 18 U.S.C. § 3006(a)(2)(B).

(CR DE 183 at 3). Alternatively, the Government argues that, assuming the Petition requested

relief pursuant to 28 U.S.C. § 2255, the motion was untimely filed. (*Id.* at 3-4). Before I ruled on

the First Petition, Movant filed a "Petition to Withdraw with Leave to Correct Petitioner's June

30, 2022 Petition for Appointment of Counsel" ("Second Petition") (DE 184, 185). Therein,

Movant sought permission to substitute the *Jackson* decision cited in his First Petition with the

Eleventh Circuit's decision in *United States v. Latson*, No. 19-14934, 2022 WL 3356390 (11th

Cir. Aug. 15, 2022).[5] On September 16, 2022, I entered an Order allowing the correction to

Movant's First Petition and denied Movant's request for appointment of counsel. (CR DE 186).

Movant did not appeal my Order.

---

[4] On December 13, 2022, the Eleventh Circuit vacated *Jackson I*, holding that the "ACCA's definition of a state 'serious drug offense' incorporates the version of the federal controlled-substances schedules in effect when the defendant was convicted of the prior state drug offense," not the version in effect when the defendant committed the instant offense." *Jackson*, 55 F.4th at 854. The Eleventh Circuit found that since "the ACCA included ioflupane until 2015, § 893.13 was not categorically broader than the ACCA's definition of a serious drug offense, so the defendant's 1998 and 2004 § 893.13(1) cocaine convictions qualified as serious drug offenses under § 924(e)(1)." *Id.* at 861-62. On May 15, 2023, the Supreme Court has granted certiorari review. *Jackson v. United States*, No. 22-6640, 2023 WL 3440568, *1 (May 15, 2023).

[5] In *Latson*, the Eleventh Circuit held that post-1979 Florida convictions for possession of cannabis with intent to sell and sale of cannabis are not "serious drug offenses" under the ACCA. *Latson*, 2022 WL 3356390 at *3 (Noting that, since 1979, Florida law criminalized mature cannabis stalks while federal law does not.).

**B.**       **Motion to Vacate Proceedings**

On November 18, 2022, Movant filed this Section 2254 Motion, when he signed and handed it to prison official for mailing.[6] (DE 1 at 14).

## II.   APPLICABLE LEGAL STANDARD

The grounds for relief under 28 U.S.C. § 2255 are extremely limited. An inmate is entitled to relief under Section 2255 if a court imposed a sentence that:  (1) violated the Constitution or laws of the United States; (2) exceeded the court's jurisdiction; (3) exceeded the maximum sentence authorized by law; or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255(a); *McKay v. U.S.*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). If a Section 2255 claim is meritorious, "the court shall vacate and set the judgment aside and shall discharge [the inmate] or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b). Movant, however, bears the burden of proof--not the Government--to establish that vacatur of the judgment is appropriate.  *Beeman v. U.S.*, 871 F.3d 1215, 1221 (11th Cir. 2017).

## III.   DISCUSSION

**A.**       **Statute of Limitations Defense**

The Government has asserted the statute of limitations defense.[7] (DE 14 at 4; DE 21 at 5-8). The Government argues Movant waited over a year from the time his conviction became final before filing his initial Section 2255 Motion and Supplements. (*Id.*; *Id.*). Movant does not

---

[6] Absent evidence to the contrary, Movant's *pro se* pleadings are deemed filed in accordance with the mailbox rule when executed and handed to prison officials for mailing. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[7] In its initial Response, the Government explicitly waived the timeliness argument "solely with respect to Count 17" of the Second Superseding Information. (DE 14 at 7).  However, in its Supplemental Response, the Government appears to have retracted its timeliness concession arguing that the entire Section 2255 Motion and the arguments raised therein are untimely. (DE 21 at 5-8). The Government's argument regarding the untimely filing of this action is meritorious.

contest that the Section 2255 Motion is untimely. (DE 18). Instead, Movant suggests that it would be a fundamental miscarriage of just not to grant him relief and remove the ACCA designation and resulting sentence enhancement. (*Id.* at 2). The Government's argument regarding the timeliness of this proceeding is meritorious.

### 1.    *Statutory Tolling*

Title 28 U.S.C. § 2255(f)(4) imposes a one-year statute of limitations for filing a Section 2255 motion, which begins to run following the latest of four possible events, including "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2255(f)(1)-(4); *see also Pruitt v. U.S.*, 274 F.3d 1315, 1317 (11th Cir. 2001) (per curiam). "Typically, the applicable triggering date is 'the date on which the judgment of conviction becomes final." *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) (quoting 28 U.S.C. § 2255(f)(1)).

Under Section 2255(f)(1), Movant had until July 16, 2022 (one year from when his conviction became final) to timely file this Section 2255 Motion. Because Movant filed his Section 2255 Motion on November 18, 2022 it is not timely under Section 2255(f)(1). *See Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) (noting that the applicable one-year triggering date is the date on which the conviction becomes final.). In his Reply (DE 18 at 3), Movant suggests that his Section 2255 Motion relates back to his Petition for Appointment of Counsel (CR DE 181 at 2) because it asserts an actual innocence challenge under *Jackson* to his armed career criminal enhancement. Movant is mistaken. Federal Rules of Civil Procedure 15(c) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2). "'Relation

back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). An untimely amendment to a Section 2255 Motion does not relate back to the original motion where it "seek[s] to add a new claim or to insert a new theory into the case." *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001) (emphasis omitted). In his Section 2255 Motion, Movant raises three claims of ineffective assistance of counsel. In his Petition, he did not raise any claims of ineffective assistance of counsel and instead argued actual innocence of his enhanced sentenced based on *Jackson.* Because Movant raises new claims in his Section 2255 Motion that have no legal relationship to his actual innocence-*Jackson* argument raised in his Petition, they do not relate back under Rule 15(c) and are, therefore, time-barred under § 2255(f)(1). *See Farris v. United States*, 333 F.3d 1211, 1215–16 (11th Cir. 2003). In any event, the Petition was not construed as one filed pursuant to Section 2255 Motion so a *Castro*[8] Order was not entered, therefore relation-back appears inapplicable. Accordingly, statutory tolling under Section 2255(f)(1) fails.[9]

Next, Movant has not alleged that any government impediment prevented him from timely filing his Section 2255 Motion. Therefore, Section 2255(f)(2) is not applicable to the timeliness of this proceeding.

---

[8] *Castro v. United States*, 540 U.S. 375 (2003) (requiring district courts to advise *pro se* litigants of its intent to recharacterize a *pro se* filing as a motion pursuant to 28 U.S.C. § 2255, and warning of the consequences resulting from such recharacterization).

[9] Notably, in the September 2, 2022 Petition seeking withdrawal of his prior Petition (CR DE 181) and renewed request for appointment of counsel in light of the Eleventh Circuit's *Latson* decision, Movant's *Latson* claim is similar to the substantive issue underlying Movant's ineffective assistance of counsel claim raised as ground 1 of his Section 2255 Motion. *See* (DE 1 at 4). However, the Section 2255 Motion is based on a new legal theory. Regardless, the September 2, 2022 Petition was filed after July 16, 2022, when Movant's one-year limitations period expired.

Movant contends he is entitled to statutory tolling under Section 2255(f)(3) based on the decisions from the Eleventh Circuit Court of Appeals in *Jackson, Latson*, and *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc).[10] (DE 1 at 10; DE 22 at 3). Movant claims these Eleventh Circuit decisions restart the AEDPA's one-year federal limitations period. (*Id*; *Id.*). Movant is mistaken. *Jackson*, *Latson*, and *Dupree* appeared after Movant's sentencing and cannot be applied retroactively. *See In re Joshua*, 224 F.3d 1281, 1283 (11th Cir. 2000) ("For a new rule to be retroactive, the Supreme Court must make it retroactive to cases on collateral review. It is not enough that the new rule is or will be applied retroactively by the Eleventh Circuit[.])" (citations omitted); *In re Blackshire*, 98 F.3d 1293, 1294 (11th Cir. 1996) (ruling that a new interpretation of a criminal statute is not a new rule of constitutional law sufficient to grant authorization to file a successive collateral attack). Because these Eleventh Circuit decisions did not announce a new constitutional right made retroactively applicable to cases on collateral review by the U.S. Supreme Court, Movant is not entitled to statutory tolling under Section 2255(f)(3). *See* 28 U.S.C. § 2255(f)(3); *see also See Dodd v. United States*, 545 U.S. 353, 358-359 (2005) ("[I]f this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion.").

Movant also claims he is entitled to statutory tolling under Section 2255(f)(4) because the *Jackson*, *Latson*, and *Dupree* decisions did not exist at the time his conviction became final, and, therefore, are new "facts" supporting his claim that he discovered through the exercise of due diligence. This argument also fails. A new legal opinion is not a new "fact" for the purpose of

---

[10] In *Dupree*, the Eleventh Circuit held that the definition of "controlled substance offense" in the career offender provisions of the federal sentencing guidelines does not include inchoate offenses, such as conspiracy. *Dupree*, 57 F.4th at 1279-80.

timeliness under Section 2255(f)(4). *See Bazemore v. United States*, 595 F. App'x 869, 873 (11th Cir. 2014) (finding the legal opinion in *Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011) was not a new fact for purposes of Section 2255(f)(4) timeliness). A legal opinion is not "'subject to proof or disproof' like the vacatur of a prior conviction." *Id.* (citing *Johnson v. United States*, 544 U.S. 295, 306-07 (2005)). Thus, Movant is not entitled to statutory tolling on this basis.

### 2.    *Equitable Tolling*

Although Movant is not entitled to statutory tolling of the one-year limitations period, the U.S. Supreme Court has held that, under certain circumstances, a movant may be entitled to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (recognizing doctrine of equitable tolling for habeas petitioners). To be entitled to equitable tolling, Movant must demonstrate that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented him from timely filing his Section 2255 Motion. *Id. See also Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999) (finding equitable tolling applies to Section 2255 Motion and "is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.").

Movant contends that he is entitled to equitable tolling because he was in transit between federal facilities and the COVID-19 protocols prevented him from timely filing his Section 2255 Motion. (DE 1 at 10). Movant does not identify when he was in transferred nor how much time he spent in transit between federal facilities until his arrival at the Jesup FCI. Movant also does not explain the nature of the COVID-19 protocols, much less how they hindered his ability to timely file his Section 2255 Motion. Accordingly, I find Movant's allegations insufficient to warrant equitable tolling. I further find Movant could have timely filed his Section 2255 Motion on June 30, 2022, before expiration of the one-year limitations period, because his transfer and subsequent

arrival as Jesup FCI did not hinder Movant's ability to file a pleading on that date requesting the appointment of counsel. *See* (CR DE 181). The burden of demonstrating that the AEDPA's one-year limitations period was equitably tolled rests with the Movant. *See e.g.*, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Movant has not alleged sufficient facts demonstrating he acted diligently in filing this action immediately upon his arrival at Jesup FCI.

Regardless, the Eleventh Circuit has held that prison transfers are usual incidents of prison life and not extraordinary circumstances that warrant equitable tolling. *See Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (finding transfer to county jail and denial of access to legal papers and law library did not constitute extraordinary circumstances); *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) (no extraordinary circumstances warranted where movant failed to show acted diligently in filing either during five months before his transfer or in the seven months after his return to his permanent facility).

In his Reply, Movant next suggests equitable tolling is warranted because he is ignorant of the law relating to the pursuit of postconviction relief under Section 2255. (DE 22 at 2). The Eleventh Circuit has held that lack of legal knowledge and erroneous reliance on advice of an institutional law clerk do not justify equitable tolling of the federal limitations period. *See Walkefield v. R.R. Ret. Bd.*, 131 F.3d 967, 968 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling"); *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir. 1990) (ignorance of the law or erroneous advice from inmate law clerks while proceeding in collateral actions does not establish petitioner's claim of cause for a procedural default as there is no right to legal representation in such actions). Thus, I find Movant is not entitled to equitable tolling on this basis.

Movant also claims he is entitled to equitable tolling because he did not have access to a qualified jailhouse legal clerk or legal materials. (*Id.* at 2). The Eleventh Circuit has held that periods of time during which a prisoner is separated from his legal documents do not constitute extraordinary circumstances. *Dodd,* 365 F.3d at 1282-84; *Akins v. United States,* 204 F.3d 1086, 1089–90 (11th Cir.2000) (holding that prison lockdowns that hindered inmate's law library access did not constitute an unconstitutional impediment the removal of which would trigger the statute of limitations for filing a Section 2255 motion). Because there is no constitutional right to an attorney in post-conviction proceedings, a lack of legal assistance from a jailhouse law clerk does not qualify as exceptional circumstances warranting equitable tolling. *Miller v. Fla.*, 307 F. App'x 366, 367-68 (11th Cir. 2009) (finding, in relevant part, inability to access legal assistance generally does not warrant equitable tolling) (citing *Coleman v. Thompson*, 501 U.S. 722 (1991) (finding no constitutional right to attorney in state post-conviction proceedings); *see also Dodd*, 365 F.3d at 1282-83. Consequently, I find Movant is not entitled to equitable tolling based on a lack of access to a jailhouse clerk or to his legal materials during an unspecified time period.

Given the foregoing, I find this proceeding is time-barred.

**B.**     **Merits**

Notwithstanding the untimely of this proceeding, Movant is not entitled to relief on the three inter-related ineffective assistance of counsel claims. (DE 1 at 4-5, 6). Specifically, Movant asserts that counsel was ineffective for failing to investigate and argue at sentencing, like the *Latson* defendant, that he did not have the qualifying predicate serious drug offenses to support his ACCA enhancement because Florida law was broader than federal law as it criminalized possession of the mature stalks of the cannabis plant, and federal law did not. (DE 1 at 4-5). Movant also contends counsel failed to ensure that the trial court applied the categorical approach

11

to determine whether his prior Florida drug offenses qualified as "serious drug offenses" under the ACCA. (*Id.* at 6). In its initial Response and Supplemental Response, the Government concedes if Movant were sentenced today, under *Latson* he would no longer have the qualifying predicate offenses to support the ACCA enhancement. (DE 14 at 7-11; DE 21 at 5-9). However, the Government argues Movant is not entitled to resentencing on Count 17 based on the concurrent sentencing doctrine. (*Id.*; *Id.*). The Government also argued that Movant cannot prevail on his ineffective claims because counsel was not constitutionally ineffective for failing to predict changes in the law. (DE 14 at 8-9). Finally, the Government argues that Movant is not entitled to relief based on the *Dupree* decision. (DE 21 at 5-9).

      1.      *Concurrent Sentencing Doctrine*

The Government argues that Movant the concurrent sentencing doctrine applies to deny Movant relief. (DE 14 at 7-11; DE 21-5-9). The Government is mistaken. "The concurrent sentencing doctrine provides that the existence of one valid conviction may render unnecessary the review of other convictions when concurrent sentences have been imposed, unless the defendant would suffer 'adverse collateral consequences' as a result of the unreviewed conviction." *Casey v. United States*, 717 F. App'x 954, 956 (11th Cir. 2017) (citing *United States v. Bradley*, 644 F.3d 1213, 1293 (11th Cir. 2011) (quotation omitted)). However, the Supreme Court has made clear "that the concurrent sentence doctrine does not apply where a defendant was assessed cumulative money assessments for each count of conviction." *Id.* (first citing *Rutledge v. United States*, 517 U.S. 292, 301 (1996) ("As long as § 3013 stands, a second conviction will amount to a second punishment.") and then citing *Pinkus v. United States*, 436 U.S. 293, 304-305 (1978) (holding that sentence are "not in fact fully concurrent when a defendant "had at least a pecuniary interest in securing review of his conviction on each of the counts")). Further, "[E]ven

without the required special assessment, '[t]he separate conviction, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored.'" *Id.* (quoting *Rutledge*, 517 U.S. at 302). In this regard, the Eleventh Circuit has noted that "the presence of an additional conviction on a prisoner's record, regardless of its impact on the total sentence, may 'result in an increased sentence under a recidivist statute for a future offense,' may 'be used to impeach the defendant's credibility[,] and certainly carries the social stigma accompanying any criminal conviction." *Casey*, 717 F. App'x at 956 (quoting *Rutledge*, 517 U.S. at 302). In Movant's case, at the time of sentencing, I imposed a Section 3013 fine of $100 per offense of conviction. I reject the Government's argument that the concurrent sentence doctrine is applicable.  To the contrary, I find the doctrine does not apply here because the fine imposed as to the now-challenged second conviction amounts to a second punishment and may adversely impact Movant's sentence for a future offense. *Casey*, 644 F.3d at 1293.

   2.  *Ineffective Assistance of Counsel Claims*

Movant claims counsel was ineffective for failing to challenge his ACCA enhancement on the basis that Florida law was broader than federal law by prohibiting the possession with intent to sell mature stalks of cannabis plants. I agree with the Government's argument that counsel is not constitutionally ineffective for failing to predict a change in the law, "even when the change is such that the forfeited issue was, in hindsight, a sure fire winner." *United States v. Ardley*, 273 F.3d 991, 933 (11th Cir. 2001) (Carnes, J., concurring in the denial of rehearing en banc) (describing "a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel.") (citations omitted)); *see also Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that reasonably effective representation cannot and does not include a requirement to make

arguments based on predictions of how the law may develop.") (citations omitted). Because counsel is not constitutionally ineffective for failing to anticipate changes in the law, Movant's ineffective assistance of counsel claims fail.[11]

## IV.   CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying a Section 2255 motion to vacate has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. §2253 (c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *Wilkinson v. Dotson*, 544 U.S. 74, 78-83 (2005)). A Court may issue a certificate of appealability only if the Movant makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253 (c)(2). Where a district court has rejected a movant's constitutional claims on the merits, the movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack*, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record and for the reasons mentioned in Section III, this Court denies a certificate of appealability.

---

[11] At the time of Movant's sentencing, the Eleventh Circuit had held that a prior Florida conviction for possession of cannabis was a qualifying predicate "serious drug offense" to support an ACCA enhancement. *United States v. Smith*, 775 F.3d 1262, 1267-68 (11th Cir. 2014); *see also Shular v. United States*, 140 S.Ct. 779, 784-87 (2020) (holding that all violations of Fla. Stat. § 893.13(1) punishable by ten years or more in prison qualify as "serious drug offenses" under the ACCA).

## V.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      Movant MARQUIS SHAROD BELLAMY's Motion to Vacate pursuant 28 U.S.C.

§ 2255 (DE 1) and Supplements (DE 17-19) thereto, are **DENIED;**

2.      Judgment in favor of the Respondent will be entered separately in accordance with

Fed. R. Civ. P. 58(a);

3.      A Certificate of Appealability is **DENIED; and,**

4.      All pending motions are **DENIED AS MOOT**.

**SIGNED** in Chambers at West Palm Beach, Florida, this 14th day of June, 2023.

Donald M. Middlebrooks
United States District Judge

**Copies provided to:**

Marquis Sharod Bellamy, *Pro Se*
Reg. No. 25310-509
Federal Correctional Institution-Jesup
Inmate Mail/Parcels
2680 301 South
Jesup, GA 31599

Michael David Porter, AUSA
United States Attorney's Office
Southern District of Florida
101 South U.S. Highway 1
Fort Pierce, FL 34950
Email: michael.porter2@usdoj.gov

15