UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No: 21-14002-CR-MiddleBrooks

MARQUIS SHAROD BELLAMY,
              Movant,

V.

UNITED STATES OF AMERICA,
              Respondent.

FILED BY _____ D.C.

JAN 17 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## PETITION FOR REDUCTION OF SENTENCE
### PURSUANT TO THE U.S. SENTENCING COMMISSIONS RETROACTIVE AMENDMENTS' CHANGE, EFFECTIVE, NOV. 1, 2023 AS APPROVED BY CONGRESS FOR 18 U.S.C. 3582(C) INTERVENING CHANGES IN THE LAW

COMES NOW, MARQUIS SHAROD BELLAMY, who humbly moves this Honorable Court to reduce his sentence, pursuant to the Amendment changes to 18 U.S.C. 3582(c), 18 U.S.C. 3582(C)(1)(A) and/or 3582 (C)(1)(B), by our U.S. Sentencing Commission as authorized by our law makers in Congress. In further support of this petition, Petitioner will present (3) claims of Extraordinary and Compelling significance, that will support his request for a reduction of sentence and/or Compassionate Release. See: Haines v. Kerner.

1. Petitioner, believes that although the relief he seeks was unforseen, by the court nor any of its officers, he believes that what makes his reason(s) for seeking relief is extraordinary and compelling. His designation as a Armed Career Criminal, and Career Criminal, and Career Criminal and the fact that Courts around this country have brought. 922(g)(1) into question. And thus the intervening changes in the law, should warrant Petitioner the relief he seeks. Compassionate Release or Reduction in Sentence in accordance with

1

the Amendments to the Sentencing Guidelines, its revised policy statements, official commentary, and statutory index as approved by Congress effective November 1, 2023.

In Sec. 2 of the Amendments "Forseeability of Extraordinary and Compelling Reasons" clause – for purposes of this policy statement, an Extraordinary and Compelling Reason "need not" have been seen at the time of sentencing (i.e. The Pending Latson, 2022 WL 3356390 decision would set the prevailing standard, where in Latson, the Eleventh Circuit held that post-1979 Florida convictions for possession of Cannabis with intent to sell and sale of cannabis are not "serious drug offenses" under the ACCA. Latson, 2022 WL3356390 at *3 (noting that, since 1979, Florida law criminalized mature cannabis stalks, while Federal law does not)) In order to warrant a reduction in Petitioner's term of imprisonment (especially since the government has previsously conceded that, if Movant were sentenced today, under "Latson" he would no longer have the qualifying predicate offenses to support the ACCA enhancement. (DE 14 at 711i DE 21 at 5-9).

Therefore, the fact that an Extraordinary and Compelling reason reasonably could have been known or anticipated by the sentencing Court does not preclude consideration for a reduction under this policy statement, nor should Movant's additional claims under this policy statement be viewed as less than an Extraordinary and Compelling reason qualifying him for a reduction in sentence. As Movant's "second" claim is Extraordinary and Compelling in that, Petitioner/Movant's Career Offender Enhanced sentenced is "No longer lawful" as the Eleventh Circuit Court of Appeals recent opinion in Under States v. Dupree, 57 F.4th 1269 (11th Cir. 2023)(cn banc) where in "Dupree", the Eleventh Circuit held that "the definition of "controlled substance offense' in §4B1.2(b) of the Sentencing Guidelines does not include

2

inchoate offenses like "conspiracy and attempt" Id at 1270-1280: such as the offense of Movant's conviction. Thus, if Movant was sentenced today, again he would not receive the same sentence he received as a career offender due to the intervening change of law on "en banc" which makes his claim for relief Extraordinary and Compelling, and would certainly warrant relief, pursuant to the U.S. Sentencing Commissions' Amendments, to the Sentencing Guidelines, Policy Statements, Official commentary and Statutory Index. Then there is Movant/Petitioner's "Third" and final claim as to the Extraordinary and Compelling reason that would warrant this Court's consideration for reducing Movant's sentence.

As Article III Courts have began to dismiss indictments that charge "Felon in Possession, 922(g)(1)" as unconstitutional" because the statute is repugnant to the 2nd Amendment our Bill of Rights and when a statute is repugnant to the Constitution (The supreme law of the land, Article VI cl.2) it is unenforceable. Marbury v. Madison 5 U.S. 137 (1803). Also Movant would offer in support of his Extraordinary and Compelling reason for relief in his "felon in possession and/or 18 U.S.C. 922(g)(1) matter, Movant would and he also hopes that this Court find it extraordinary and compelling that the U.S. Supreme Court's decision in Bruen sets out the standard for applying the Second Amendment" as follows:

When the Second Amendment's plain text covers an individuals conduct, "The Constitution" presumptively protects that conduct. The Government must then justify its regulation by demonstrating that it is consistent with the nations historical tradition of firearm regulation. Only then may a court conclude that the individuals conduct falls outside the Second Amendment's" Unqualified Command". (Note "The Felon in Possession Law" was not enacted until 1938, was not expanded to cover non-violent felonies until 1961, and

3

was not re-focused from receipt of possession until 1968 whereas the Second Amendment in the Bill of Rights was enacted in 1791 and again in 1868 as ratified by the people) "Bruen" abrogates such "means end" scrutiny and "as applied" by 18 U.S.C. 922(g)(1) especially since the government will not be able to affirmatively prove that its firearm regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." Id. at 2127 (N.Y.R.+P.A. v. Bruen 42 S. Ct. 2111, 2129-40 (2022). Movant would assert, that because 922(g)(1) has been found to be unconstitutional in both phase (as-applied) + (means end-scrutiny) and is repugnant to the constitution. So too must Bruens' holding prevail over the 11th Circuits earlier analysis of section 922(g)(1). As well as satisfy the Extraordinary and Compelling reason standard for considering relief.

### Conclusion

Movant has shown that were he brought before a Sentencing Court today, he would not have the requisite predicate offenses to receive an enhancement as a armed career criminal, nor based on the intervening change of law by the 11th Cir. en banc decision in "dupree" 57 F. 4th 1269 (11th Cir. 2023), would movant face stiffer penalties as a career offender and then there is constitutionality of 18 U.S.C. 922(g)(1), which is also an Extraordinary and Compelling reason for Movant to seek relief. However, Movant accepts responsibility for his wrong doing and his incarceration has given him a great respect for all laws, local, state and of course the federal laws of the United States. Movant believes that, were he given a guideline sentence for his conduct he believes that 84 months would be appropriate and would serve as a deterrent from any criminal conduct. Movant has worked in UNICOR and has taken the drug classes to obtain the tools that will be necessary to maintain gainful employment and clear conduct. I have a plan for release,

4

that will include my families assistance with housing and job placement through the vocational rehabilitation agency with my ultimate goal as being a better citizen, a better father and becoming a good man and a positive contributor to the community. I make and submit this petition in good faith, and I pray that this Court finds it appropriate to give due regard and consideration to my request for relief. I would like to thank this Court for its time and consideration, and may the Court's consideration be wholly tempored with reaching a fair and just determination, and providing just and proper relief based on the Extraordinary and Compelling matters presented to this Honorable Court.

Done and executed on this 10th day of January, 2024 and copied to the U.S. Attorney's office for the Southern District of Florida (Ft. Pierce Division) @ 101 South U.S. Highway 1, Ft. Pierce, Fla 34950 C/O Michael David Porter.

All Rights Reserved,

*Marquis Bellamy*

Marquis Sherod Bellamy
Reg. No.: 25310-509
FCI - Jesup
2680 Highway 301 South
Jesup, GA 31599

5

MARQUIS S. BELLAMY - #25310-509
FEDERAL CORRECTIONAL INSTITUTION - JESUP
2680 HIGHWAY 301 SOUTH
    JESUP, GA 31599

LEGAL MAIL

JACKSONVILLE FL 320

12 JAN 2024   PM 4 L

UNITED STATES DISTRICT COURT (S.D. of FLORIDA)
ATTN: OFFICE OF THE CLERK #8N09
    400 N. MIAMI AVENUE
    MIAMI, FLORIDA  33128 - 7716

33128-180549