**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.   21-14002-CR-MIDDLEBROOKS/MAYNARD(s)(s)**

**UNITED STATES OF AMERICA,**

**v.**

**MARQUIS SHAROD BELLAMY,**
     **a/k/a "Bumpy,"**

          **Defendant.**

_____/

**UNITED STATES' RESPONSE TO DEFENDANT'S PETITION FOR SENTENCE**
**REDUCTION UNDER SECTION 3582(C)(1)(A) BASED ON INTERVENING CHANGES**
**IN THE LAW**

The United States of America, by and through the undersigned Assistant United States

Attorney, hereby responds to the Petition for Sentence Reduction Under Section 3582(C)(1)(A)

Based on Intervening Changes in the Law ("3582 Petition") filed by the defendant, Marquis Sharod

Bellamy, a/k/a "Bumpy" ("Bellamy"), as follows:

**BACKGROUND**

On February 4, 2021, the United States charged Bellamy, Coy Lee Bellamy, Jr., Takaria

Vashon McCray, and Markyrie McCray, Sr. in a Second Superseding Information with, among

other things, conspiracy to distribute cocaine, a Schedule II controlled substance, in violation of

21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 (Count One), and Bellamy with possessing a

firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count

Seventeen) [ECF No. 39].

1

On April 7, 2021, Bellamy pled guilty to Counts One and Seventeen of the Second Superseding Information pursuant to a written plea agreement with the United States [ECF Nos. 91-92].

On July 1, 2021, the Court sentenced Bellamy to 180 months' imprisonment, which consisted of 180 months on Count One and 180 months on Count Seventeen, to be served *concurrently*, followed by three years of supervised release [ECF Nos. 122-23].  Bellamy was sentenced as an armed career criminal on Count Seventeen, which subjected him to a mandatory minimum sentence of 180 months' imprisonment.  Bellamy has prior felony convictions under Florida law for, among other things, possession of cannabis within 1000 feet of a church with the intent to sell (2013), possession of cannabis within 1000 feet of a church with the intent to sell (2013), and sale of cannabis within 1000 feet of a church (2013) [PSI at ¶¶ 82-84; *see also* ECF No. 116, Ex. A].[1]

Bellamy was also sentenced as a career offender on Count One, under Section 4B1.1(a) of the Sentencing Guidelines, based on the same convictions and a 2017 conviction for possession of cannabis with intent to sell [PSI at ¶¶ 75, 88; *see also* ECF No. 116, Ex. B].

Bellamy's judgment of conviction was entered on July 2, 2021 [ECF No. 123].  Bellamy did not file an appeal.

---

[1] The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), mandates a fifteen-year minimum sentence for a felon who unlawfully possesses a firearm or ammunition after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another[.]"  18 U.S.C. § 924(e)(1).  As relevant here, the statute defines "serious drug offense" as "an offense under the Controlled Substances Act ["CSA"] . . . for which a maximum term of imprisonment of ten years or more is prescribed by law" or "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law."  18 U.S.C. § 924(e)(2)(A)(ii).

On November 17, 2022, Bellamy filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" ("Section 2255 Motion"), in which he requested the Court to vacate his sentence on Count Seventeen based on *United States v. Latson*, 2022 WL 3356390 (11th Cir. Aug. 15, 2022),[2] and resentence him without regard to ACCA [*Bellamy v. United States*, 22-cv-14391, ECF No. 1].   Bellamy alleged his trial counsel failed to properly investigate whether his Florida convictions for possession of cannabis within 1000 feet of a church with intent to sell (2013), possession of cannabis within 1000 feet of a church with intent to sell (2013), and sale of cannabis within 1000 feet of a church (2013) qualified as "serious drug offenses" under ACCA based on certain nuances between the definitions of marijuana under Florida and federal law.

On February 6, 2023, the United States responded to Bellamy's Section 2255 Motion [*Bellamy v. United States*, 22-cv-14391, ECF No. 14].

On March 3, Bellamy filed a "Petition to Supplement 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence with the Authority of *United States v. Dupree*" ("Supplemental Section 2255 Motion") [*Bellamy v. United States*, 22-cv-14391, ECF No. 17].   Bellamy further alleged that he was misclassified as a career offender based on *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (*en banc*),[3] and that his sentence on Count One was, therefore, "unlawful and illegal."

---

[2]  In *Latson*, the Eleventh Circuit held, among other things, that post-1979 convictions for possession of cannabis with intent to sell and sale of cannabis under Florida law are not "serious drug offenses" under ACCA.   2022 WL 3356390, at *3-4.

[3]  In *Dupree*, the Eleventh Circuit held that the definition of "controlled substance offense" in the career offender provisions of the Sentencing Guidelines does not include inchoate offenses, such as conspiracy.   57 F.4th at 1279-1280.

On April 3, 2023, the United States responded to Bellamy's Supplemental Section 2255 Motion [*Bellamy v. United States*, 22-cv-14391, ECF No. 21].

On June 14, 2023, the Court entered an Order denying Bellamy's Section 2255 Motion and Supplemental Section 2255 Motion *with prejudice* [*Bellamy v. United States*, 22-cv-14391, ECF No. 23].   The Court found that Bellamy's Section 2255 Motion and Supplemental Section 2255 Motion were time-barred, and that his trial counsel was not constitutionally ineffective for failing to predict changes in the law that may have benefitted him at sentencing.

On January 17, 2024, Bellamy filed the instant petition, in which he seeks compassionate release based on alleged changes in the law.   Specifically, Bellamy claims he is entitled to relief under Section 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13(b)(6) because: (1) *Latson* represents a change in the law that produced a gross disparity between the sentence he is now serving and the sentence likely to be imposed if he were sentenced today; (2) *Dupree* represents a change in the law that produced a gross disparity between the sentence he is now serving and the sentence likely to be imposed if he were sentenced today; and (3) *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022) represents a change in the law that produced a gross disparity between the sentence he is now serving and the sentence likely to be imposed if he were sentenced today [ECF No. 193].   Bellamy is requesting the Court to resentence him to 84 months' imprisonment on Counts One and Seventeen of the Second Superseding Information.

At present, Bellamy has served *approximately three years* of his 180-month sentence.

## ANALYSIS

A federal district court generally may not modify or revisit a sentence of imprisonment once it has been imposed.   Indeed, "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute."   *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th

4

Cir. 2010) (emphasis added). "The law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (internal marks and citation omitted). "No one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation on issues already resolved." *Mackey v. United States*, 401 U.S. 667, 691 (1971) (Harlan, J., concurring in part and dissenting in part).

A district court has the authority to consider a request to modify or reduce a defendant's sentence in the following limited circumstances: (1) a petition for compassionate release under 18 U.S.C. § 3582(c)(1)(A); (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; (3) a remand following an appeal pursuant to 18 U.S.C. § 3742; or (4) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. *See* 18 U.S.C. § 3582(b-c); *cf.* 28 U.S.C. § 2255 (permitting defendants to request the court which imposed the sentence to vacate, set aside or correct the sentence under limited circumstances).

**A.      A sentence reduction under Section 3582(c)(1)(A)(i) is inconsistent with the Section 3553(a) factors.**

Bellamy is proceeding under Section 3582(c)(1)(A)(i), which provides, in relevant part, as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

>    (i) *extraordinary and compelling reasons warrant such a reduction*;
>
>    . . . .
>
>    *and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*[.]

(emphases added).[4]

In order to modify a sentence and grant compassionate release under Section 3582(c)(1)(A)(i), a district court must engage in a four-step process. First, the Court must find that the defendant has fully exhausted all administrative rights to appeal any failure by BOP to bring such a motion on his behalf *or* that 30 days have expired from the receipt of such a request by the warden of the facility where the defendant is incarcerated.[5] 18 U.S.C. § 3582(c)(1)(A). Second, the Court must consider the Section 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A)(i). Third, the Court must find that "extraordinary and compelling reasons warrant such a reduction." *Id*. Finally, the Court must assess whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(2); *see also United States v. Bueno-Sierra*, 2023 WL 3120134, at *4 (S.D. Fla. April 27, 2023); *United States v. Stuyvesant*, 2020 WL 1865771, at *2 (S.D. Fla. Apr. 14, 2020).

---

[4] Section 3582(c)(1)(A) was amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Prior to the First Step Act, only BOP, rather than defendants themselves, could bring a motion for compassionate release under Section 3582(c)(1)(A).

[5] The United States does not contend Bellamy has failed to exhaust his administrative remedies.

The burden is on Bellamy to satisfy each of these thresholds, and it is a heavy burden he must carry. *See United States v. Kramer*, 2022 WL 6731793, at *2 (S.D. Fla. Oct. 11, 2022); *United States v. Hylander*, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020).

Against this backdrop, Bellamy falls short of demonstrating the relevant Section 3553(a) factors militate in favor of a sentence reduction. First and foremost, Bellamy was convicted of serious and dangerous offenses. To be sure, between January 2019 and March 2020, Bellamy conspired with others to distribute at least 400 grams of cocaine in the Southern District of Florida [PSI at ¶ 55]. Bellamy also possessed a loaded firearm as a convicted felon, which only adds to the severity of his offense. As the Court is well aware, drug trafficking is an inherently dangerous activity, and the combination of drugs and guns substantially increases the risk of physical harm to others. If there is ever any progress to be made stopping the unlawful distribution of controlled substances in the United States, those who traffic in significant amounts of illicit substances must be held accountable for their actions.

Bellamy's criminal history also merits attention as it reveals a complete disregard for the law and lack of respect for authority. Indeed, Bellamy, who was only 29 years old when he was sentenced in July 2021, had already amassed more than six separate adult felony convictions, including four drug trafficking convictions, and a conviction for fleeing and eluding in a vehicle [PSI at ¶¶ 82-84, 87-89]. Bellamy was released from prison on his most recent drug trafficking conviction in February 2018 [PSI at ¶ 88]. He began distributing cocaine at least as early as January 2019, *less than a year after he was released from prison* [PSI at ¶ 55]. Bellamy's criminal history evinces an alarming level of recidivism, and suggests he will continue to violate the law when not incarcerated. Bellamy's prior periods of incarceration clearly were not sufficient

7

enough to impress upon him the need to obey the law and conform his conduct to the requirements of society.

The nature and circumstances and seriousness of the underlying offenses, coupled with Bellamy's criminal history, the need to promote respect for the law, provide just punishment, and afford adequate deterrence, all counsel against a sentence reduction.

**B.      Bellamy has Failed to Establish Extraordinary and Compelling Reasons Justifying a Modification of His Sentence.**

The authority to define "extraordinary and compelling reasons" has been granted to the United States Sentencing Commission, which has defined that term at U.S.S.G. § 1B1.13.   As relevant here, Section 1B1.13 defines "extraordinary and compelling reasons" as follows:

> (b) **Extraordinary and Compelling Reasons.**--Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> . . . .
>
>> (6) **Unusually Long Sentence.**--If a defendant received an unusually long sentence *and has served at least 10 years of the term of imprisonment*, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.
>
> (c) **Limitation on Changes in Law.**--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. §§ 1B1.13(b)(6) and (c) (emphasis added).

Section 3582(c)(1)(A) specifically instructs that any sentence reduction ordered by a court be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). An applicable policy statement is binding on the court, and the court therefore may not grant a sentence reduction outside of the circumstances the Commission has detailed in Section 1B1.13. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010) (interpreting identical language as used in Section 3582(c)(2)); *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021) ("In short, we hold that 1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13."). In subsection (c) of the policy statement, the Commission specifically instructed that "[e]xcept as provided in subsection (b)(6), a change in the law . . . *shall not be considered* for purposes of determining whether an extraordinary and compelling reasons exists." U.S.S.G. § 1B1.13(c) (emphasis added).

Subsection (b)(6) limits consideration of changes in law to defendants who "ha[ve] served at least 10 years of the term of imprisonment." U.S.S.G. § 1B1.13(b)(6). Bellamy's sentence was imposed on July 1, 2021, and he has served *approximately three years of his sentence*. Thus, Bellamy cannot rely on subsection (b)(6) to establish extraordinary and compelling reasons for a sentence reduction.[6]

In summary, Bellamy did not receive an unusually long sentence, nor has he served at least 10 years of his underlying federal sentence. Again, Bellamy was sentenced to a total sentence of

---

[6] By limiting the applicability of Subsection (b)(6) to defendants who have served at least 10 years of their term of imprisonment, the Sentencing Commission implicitly recognized that a sentence of 10 years or less will never constitute an "unusually long sentence."

180 months' imprisonment, of which he has served *approximately three years*. Bellamy's 3582 Petition should be denied on that basis alone.

Even assuming Bellamy was able to meet this preliminary threshold, he has failed to identify any "change in the law" that would have impacted his sentence, much less a change that "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time [his] motion [was] filed." U.S.S.G. §§ 1B1.13(b)(6). To be clear, if Bellamy had committed the same offenses today, *and were he to be sentenced today*, his conspiracy conviction would still constitute a "controlled substance offense" under the career offender provisions of the Sentencing Guidelines.[7] That is to say, Bellamy would still receive a 180-month sentence on Count One of the Second Superseding Information if he committed the same offense today. Thus, he cannot establish the existence of a gross disparity between the sentence he is serving and the sentence "likely to be imposed at the time [his] motion [was] filed."

Last, but not least, *Bruen* does not provide Bellamy the solace he seeks. The Eleventh Circuit has clearly and unequivocally held that Section 922(g)(1) does not violate the Second Amendment to the United States Constitution. *United States v. Rozier*, 598 F.3d 768, 770-71 (11th Cir. 2010). A prior Eleventh Circuit precedent remains binding in the face of an intervening Supreme Court case unless that case is "clearly on point" and "actually abrogate[s] or directly conflict[s] with, as opposed to merely weaken[ing], the holding of the prior panel." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009). *Bruen* does not satisfy these criteria, and *Rozier* remains binding law in the Eleventh Circuit.

---

[7] Under the recently promulgated version of the Sentencing Guidelines Manual, "inchoate offenses" are now specifically included in the definition of "controlled substance offenses." U.S.S.G. § 4B1.2(d) (effective Nov. 1, 2023).

10

The *Bruen* decision concerned the Second Amendment right of an ordinary law-abiding citizen, and the Court took pains to remind the reader of the difference between a law-abiding citizen and a convicted felon for purposes of the Second Amendment analysis.   Throughout his majority opinion, Justice Thomas repeatedly limited his analysis to the right of "law-abiding" citizens.   142 S. Ct. at 2122, 2125, 2131, 2133, 2134, 2138, 2150, 2156.   In a footnote, the Court stated that licensing regimes requiring background checks and/or firearms safety courses were permissible because they "are designed to ensure only that those bearing arms in the jurisdiction are, in fact, 'law-abiding, responsible citizens.'"   *Id*. at 2138 n.9 (quoting Heller, 554 U.S. at 635).   And several justices went out of their way to make clear that the opinion was not intended to address the Second Amendment rights of felons.   In a concurring opinion, Justice Samuel Alito stated:

> That is all we decide.   Our holding decides nothing about *who may lawfully possess a firearm* or the requirements that must be met to buy a gun.   Nor does it decide anything about the kinds of weapons that people may possess.   Nor have we disturbed anything that we said in *Heller* or *McDonald v. Chicago*, 561 U.S. 742, 130 S. Ct. 3020, 177 L. Ed. 2d 894 (2018) about restrictions that may be imposed on the possession or carrying of guns.

142 S. Ct. at 2157 (Alito, J., concurring) (emphasis added).   Another concurring opinion written by Justice Kavanaugh and joined by Chief Justice Roberts also made clear that *Heller* did not cast doubt on the longstanding prohibitions on possession of firearms by felons and the mentally ill.   142 S. Ct. at 2162.

As such, *Bruen* provides no basis to second-guess *Heller*'s statements about restricting firearm access for felons, and thus, no reason to second-guess *Rozier*. *See Gordon v. United States*, No. 1:22-cv-2949, 2023 WL 336137, at *1 (N.D. Ga. Jan. 20, 2023) (Ross, J.) ("Nothing in *Bruen* . . . indicates that the statute that criminalizes the possession of a firearm by a convicted felon is unconstitutional."); *see also United States v. Williams*, No. 1:21-cr-362-LMM-LTW, 2022 WL 17852517, at *2 (N.D. Ga. Dec. 22, 2022) (May, J.) (finding that *Rozier* remained binding precedent after *Bruen* because *Bruen* involved the "Second Amendment rights of 'law-abiding citizens,'" and "[i]t is axiomatic that a felon is not a law-abiding citizen").   *Rozier*, therefore, remains binding precedent in this Circuit.   *Id*. . . .   [B]inding Eleventh Circuit precedent requires a conclusion that Section 922(g)(1) does not violate the Second Amendment to the United States Constitution[.]

*United States v. Pleasant*, 2023 WL 7394862, at *3 (N.D. Ga. Oct. 19, 2023), report and recommendation adopted by *United States v. Pleasant*, 2023 WL 7389005, at *1 (N.D. Ga. Nov. 7, 2023); *see also United States v. Meyer*, No. 22-10012-CR, 2023 WL 3318492, at *3–4 (S.D.

11

Fla. May 9, 2023) (holding that *Rozier* is good law and observing that "every federal judge who has considered this question since *Bruen* has upheld the continued validity of § 922(g)(1).")

In summary, Bellamy cannot establish that *Bruen* represents a change in the law that produced a gross disparity between the sentence he is now serving and the sentence likely to be imposed if he were sentenced today.

## CONCLUSION

Based on the foregoing, the United States respectfully submits Bellamy's Petition for Sentence Reduction Under Section 3582(C)(1)(A) Based on Intervening Changes in the Law is due to be denied.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:     **/s/Michael D. Porter**
Michael D. Porter
Assistant United States Attorney
Florida Bar# 0031149
101 South U.S. Highway 1
Suite 3100
Fort Pierce, Florida 34950
Telephone: (772) 293-0950
Email:michael.porter2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.   All other parties will be served by either regular U.S. mail or inter-office delivery.

**/s/Michael D. Porter**
Michael D. Porter
Assistant United States Attorney
