United States District Court
Southern District of Florida
Case No. 21-14002-CR-MiddleBrooks/Maynard(s)(s)

United States of America,

v.

Marquis Shardd Bellamy,
            Defendant/Petitioner.



FILED BY _____ D.C.

FEB 21 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Petitioner's Objection and Response to Government's Response
In Opposition to Petitioner's 3582 Petition For Reduction in Sentence

Comes Now, Marquis Shardd Bellamy, Petitioner/Pro Se, whom Files This "Objection and Response" to the United States Response (Doc. 195). In Further Support of This "Objection and Response" to the United States Response (Doc. 195) the Following Is averred:

1. Petitioner's Objection and Response, would Be Based on the United States Ignoring Petitioner's Right(s) To make a Petition For Reduction of Sentence. Whereas, The Sentencing Reform Act of 1984 Fundamentally Changed Federal Sentencing. The Act Created the Sentencing Commission and Directed it To Promulgate Guidelines That Would Be Used In imposing Determinate Sentences — For Sentences imposed under the Act, "No Parole Would Be given". Even So, From the Day it Took effect, The Sentencing Reform Act, Has Authorized A District Court To Reduce a Sentence For "extraordinary and Compelling" Reasons, So Long as the Reduction is Consistent With Applicable Policy Statements Issued By the Sentencing Commission. Id. § 3582 (c)(1)(a). Congress Directed the U.S.S.C. to Promulgate "General Policy Statements Regarding the Sentencing modification Provisions in

1

Section 3582(c)(1)(A) and to "Describe what should be considered extraordinary and compelling reasons for sentence reduction, Including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t) (Originally Codified as 994(s)). With the only was, that rehabilitation alone could not be considered extraordinary and compelling. Yet, the United States would have this court, overlook, mistake and misapprehend the extraordinary and compelling reasons set forth in Petitioner's 3582(c)(1)(A) which set's out, First, How in Document 189. PG 12 the Government Concedes "If Petitioner were sentenced today, under Latson, Petitioner would no longer have the predicate offenses to support the 180 Month Min. Mandatory sentence Pursuant to the "ACCA enhancement." But, For" the Government attempts to utilize the same disqualified predicates to support a "Career Offender" sentence. But under the First Step Act. Only a Prior Conviction For a "serious drug offense" can trigger an increase. This is Defined to include "Trafficking" and even then only if the predicate's Listed are Identical to the list in the "Controlled Substance Act" which the "Marihuana" Predicates are inconsistent with the Federal Controlled Substance Act. Therefore, Mr. Bellamy's Prior Marihuana offense Should not have been used as a Basis to enhance Mr. Bellamy's Sentence as a Armed Career Criminal or a Career Criminal and because those predicates were used Creates an Extra-ordinary and Compelling Reason that would support the 84 month Sentence. "Second," the United States" would Again, over Petitioner's objection, Have this Court overlook, mistake and misapprehend, the Possible use of Mr. Bellamy's Fleeing and Eluding as a violent offense in Support of the "serious violent felony" standard as also added as a new category of Prior offenses that can trigger an increase, However the Fleeing and Eluding offense carried a Maximum term of (5) years. All of which Petitioner strongly objects. Petitioner, would also Move the Court to take Judicial Notice of the Fact that Despite the United States Word Salad Petitioner's Possession of a Firearm By a Convicted Felon offense of Conviction is also Not a "serious violent felony" as set forth in the First Step Act. The Court must Consider, that the U.S. D.O.J. Has Admitted to the Gross, Disparate manner that it Designated Black Men as "ACCA, Career" and "851" offenders to Justify Harsh Min. Mandatory Sentences, while Giving White offenders Less Time. Blacks 79% to Whites 12% Talk about Disparity.

2

Petitioner would also ask this Court to take Judicial Notice of the Extraordinary and Compelling Reasons that Petitioner, should not have been sentenced as a Career offender, as Mr. Bellamy does not meet Prong (2) Because Petitioner does not have a Qualifying Conviction for a crime of violence "AND" Petitioner's Marihuana offense(s) are not Qualified Predicates as a "Controlled Substance offense", Because of the Mismatch Between Florida's Controlled Substance Laws concerning Marihuana, and the Mismatch Between the Florida and Federal Controlled Substance Act, and Just as the United States Conceeded in (Doc.189 Pg.12) that the Marihuana Predicates could not be used for a ACCA enhancement, it most assuredly cannot now expect this Court to continue to allow the injustice to continue, where the Court's only Lawful Reasoning for allowing Petitioner's conviction to stand, was that Petitioner was untimely. But For, Petitioner's educational barriers in basic education and in Legalese and the Rules of the Court, the outcome would be wholly different, especially with the Governments concession in (Doc.189, Pg.12), that serves as one of the Cornerstones of Petitioner's "Extraordinary and Compelling Reasons" claim. See: U.S. Sentencing Guidelines Manual § 4B1.1(a) also see: United States v. Esprit, 841 F.3d 1235 (11th Cir. 2016); United States v. Matthews, 466 F.3d 1271 (11th Cir. 2006); United States v. Archer, 531 F.3d 1347 (11th Cir., also see: United States v. Dennis Ray Capps, 1: 11-cr-00108-AGF 2008). Mr. Bellamy, would also object to the United States Assertion, that 18 U.S.C. 922(g)(1) is constitutional and that "Bruen" does not abrogate United States v. Rozier 598 F.3d 768, 770-71 (11th Cir. 2010). So From the Government's Perspective, 922(g)(1) is constitutional under the now discarded means-end test, or from a insufficient Historical Review, Thus their analysis does not meet the standard set out in "Bruen". Thus this Court must begin its evaluation as to whether Petitioner's alleged conduct "Not Conspiracy" But Rather, it, Possession of a Firearm by a Person convicted of a Felony, is Protected by the Plain Text of the Second Amendment. While The Eleventh Circuit has relied upon "means-end" and "as applied" to Justify the unconstitutional enforcement of a statute that is repugnant to the Constitution's Bill of Rights. See: Marbury v. Madison, 5 U.S.137 (1803)

Although Recent Appellate and "Supreme Court" Authority makes clear that 922(9)(1) is unconstitutional facially and as applied to Mr. Bellamy. In New York State Rifle and Pistol Ass'n v. Bruen, the Supreme Court explicitly abrogated the "intermediate scrutiny" framework that many Appellate Courts, including the Eleventh Circuit had previously applied to Second Amendment challenges as "one step too many" Bruen, 142 S.Ct. at 2127. In place of the "Rozier" decision and other Appellate Courts alike, the "Bruen" Court explained that "the standard" for applying the Second Amendment as follows: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct". The government must then justify its regulation by demonstrating that it is consistent with the "Nation's" "Historical" tradition of firearm regulation. Only then may "A" Court conclude that the individual's conduct falls outside the Second Amendment's unqualified command" Here, Mr. Bellamy's conduct - the possession of a firearm - is covered by the plain text of the Second Amendment and is presumptively protected by the Constitution. As "Bruen" establishes, Mr. Bellamy is part of "the People" who are protected. The government can only prevail if it can "affirmatively prove" that its firearm regulation, "which began in 1938" is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." Bruen, 142 S.Ct. 2127 (emphasis added) It (the United States) Cannot. The Court must take judicial notice of the fact that "the historical record from the time of the founding demonstrates the exact opposite: that felons who completed their punishments were allowed to possess firearms just like any other member of the community. See: Joseph G.S. Greenlee, the Historical Justification for Prohibiting Dangerous Persons From Possessing Arms, 20 Wyo. L. Rev. 249, 283-285 (2020) (collecting examples of this). Laws prohibiting felons from bearing arms did not begin to appear until the twentieth Century. See: C. Kevin Marshall, Why Can't Martha Stewart Have a Gun? 32 Harv. J.L. & Pub. Pol'y 695, 708 (2009) ("though recognizing the hazard of trying to prove a negative, one with a good degree of confidence say that bans on convicts possessing firearms—

4

WERE UNKNOWN BEFORE WORLD WAR I") THUS, THE CHARGE (18 U.S.C. 922(3)(1)) DOES NOT PREDATE THE BILL OF RIGHTS (THE FIRST TEN AMENDMENTS OF OUR CONSTITUTION, WHICH INCLUDES THE SECOND AMENDMENTS "THE RIGHT OF "THE PEOPLE" TO KEEP AND BEAR ARMS, est. 1791) AND THEREFORE UNCONSTITUTIONAL AS APPLIED TO MR. BELLAMY. THUS, CLEARLY AN EXTRAORDINARY AND COMPELLING REASON FOR A REDUCTION IN MR. BELLAMY'S SENTENCE. IN CLOSING PETITIONER WOULD ASSERT THAT A EVIDENTIARY HEARING IS WARRANTED, AND UNLESS THE FILES AND RECORDS OF THE CASE CONCLUSIVELY SHOW THAT PETITIONER IS ENTITLED TO NO RELIEF.

DONE AND EXECUTED ON THIS 6th DAY OF FEBRUARY 2024 AND COPIED TO THE AUSA FOR THE SOUTHERN DISTRICT OF FLORIDA.

ALL RIGHTS RESERVED,

Marquis Bellamy

MARQUIS S. BELLAMY

REG. No.: 25310509

FCI JESUP

2680 HIGHWAY 301 SOUTH

JESUP, GA. 31599

United States District Court
Southern District of Florida
Case No. 21-14002-CR-Middlebrooks/Maynard (s)(s)

United States of America,

v.

Marquis Sharod Bellamy,
                Defendant/Petitioner.



FILED BY _____ D.C.

FEB 21 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Petitioner's Objection and Response To Government's Response
In Opposition To Petitioner's 3582 Petition For Reduction In Sentence

Comes Now, Marquis Sharod Bellamy, Petitioner/Pro Se, whom Files this "Objection and Response" to the United States Response (Doc. 195). In Further Support of this "Objection and Response" to the United States Response (Doc. 195) the Following is averred:

1. Petitioner's Objection and Response, would Be Based on the United States Ignoring Petitioner's Right(s) to Make a Petition For Reduction of Sentence. Whereas, The Sentencing Reform Act of 1984 Fundamentally Changed Federal Sentencing. The Act Created The Sentencing Commission and Directed it to Promulgate Guidelines That Would Be Used In Imposing Determinate Sentences – For Sentences Imposed under The Act. "No Parole would Be Given." Even So, From the Day it Took Effect, The Sentencing Reform Act, Has Authorized a District Court to Reduce a Sentence For "Extraordinary and Compelling" Reasons, So Long As the Reduction is Consistent With Applicable Policy Statements Issued By The Sentencing Commission. Id. §3582 (c)(1)(a). Congress Directed The U.S.S.C. To Promulgate "General Policy Statements Regarding The Sentencing Modification Provisions In

Section 3582(c)(1)(A) and to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(7) (originally codified as 994(s)). With the only was, that rehabilitation alone could not be considered extraordinary and compelling. Yes, the United States would have this court, overlook, mistake and misapprehend the extraordinary and compelling reasons set forth in petitioner's 3582(c)(1)(A) which set's out, First, how in Document 189, PS 12 the government concedes "if petitioner were sentenced today, under Latson, petitioner would no longer have the predicate offenses to support the 180 month min. mandatory sentence pursuant to the "ACCA enhancement." "But, for" the government attempts to utilize the same disqualified predicates to support a "career offender" sentence. But under the First Step Act, only a prior conviction for a "serious drug offense" can trigger an increase. This is defined to include "trafficking" and even then only if the predicate's listed are identical to the list in the "controlled substance Act" which the "marihuana" predicates are inconsistent with the Federal controlled substance Act. Therefore, Mr. Bellamy's prior marihuana offense should not have been used as a basis to enhance Mr. Bellamy's sentence as a armed career criminal or a career criminal and because those predicates were used creates an extra-ordinary and compelling reason that would support the 84 month sentence. "Second," the United States "would again, over petitioner's objection, have this court overlook mistake and misapprehend, the possible use of Mr. Bellamy's fleeing and eluding as a violent offense in support of the "serious violent felony" standard as also added as a new category of prior offenses that can trigger an increase. However the fleeing and eluding offense carried a maximum term of (5) years. All of which petitioner strongly objects. Petitioner, would also move the court to take judicial notice of the fact that despite the United States word salad petitioner's possession of a firearm by a convicted felon: offense of conviction is also not a "serious violent felony" as set forth in the First Step Act. The court must consider, that the U.S.D.O.J. has admitted to the gross, disparate manner that it designated black men as "ACCA, "career" and "851" offenders to justify harsh min. mandatory sentences, while giving white offenders less time. Blacks 79% to whites 12%. Talk about disparity.

2

Petitioner would also ask this court to take Judicial Notice of the extraordinary and compelling reasons that Petitioner, should not have been sentenced as a career offender, as Mr. Bellamy does not meet Prong (2) because Petitioner does not have a qualifying conviction for a crime of violence "AND" Petitioner's marihuana offense(s) are not qualified predicates as a "controlled substance offense", because of the mismatch between Florida's controlled substance laws concerning marihuana, and the mismatch between the Florida and Federal Controlled Substance Act, and just as the United States conceeded in (Doc. 189 Pg. 12) that the marihuana predicates could not be used for a ACCA enhancement, it most assuredly cannot now expect this court to continue to allow the injustice to continue, where the court's only lawful reasoning for allowing Petitioner's conviction to stand, was that Petitioner was untimely. But For, Petitioner's educational barrier's in basic education and in legalese and the rules of the court, the outcome would be wholly different, especially with the governments concession in (Doc. 189, Pg. 12), that serves as one of the cornerstones of Petitioner's "extraordinary and compelling reasons" claim. SEE: U.S. Sentencing Guidelines Manual § 4B1.1(a) ALSO SEE: United States v. Esprit, 841 F.3d 1235 (11th Cir. 2016); United States v. Matthews, 466 F.3d 1271 (11th Cir. 2006); United States v. Archer, 531 F.3d 1347 (11th Cir., ALSO SEE: United States v. Dennis Ray Capps, 1: 11-cr-00108-AGF 2008). Mr. Bellamy, would also object to the United States assertion, that 18 U.S.C. 922(g)(1) is constitutional and that "Bruen" does not abrogate United States v. Rozier 598 F.3d 768, 770-71 (11th Cir. 2010). So from the government's perspective, 922(g)(1) is constitutional under the now discarded means-end test, or from a insufficient historical review, thus their analysis does not meet the standard set out in "Bruen". Thus this court must begin its evaluation as to whether Petitioner's alleged conduct "Not Conspiracy" But rather, it's Possession of a Firearm by a person convicted of a felony, is protected by the plain text of the Second Amendment. While the Eleventh Circuit has relied upon "means-end" and "as applied" to justify the unconstitutional enforcement of a statute that is repugnant to the Constitution's Bill of Rights. SEE: Marbury v. Madison, 5 U.S. 137 (1803)

-3-

ALTHOUGH RECENT APPELLATE AND "SUPREME COURT" AUTHORITY MAKES CLEAR THAT 922(g)(1) IS UNCONSTITUTIONAL FACIALLY AND AS APPLIED TO MR. BELLAMY. IN NEW YORK STATE RIFLE AND PISTOL ASS'N v. BRUEN, THE SUPREME COURT EXPLICITLY ABROGATED THE "INTERMEDIATE SCRUTINY" FRAMEWORK THAT MANY APPELLATE COURTS, INCLUDING THE ELEVENTH CIRCUIT HAD PREVIOUSLY APPLIED TO SECOND AMENDMENT CHALLENGES AS "ONE STEP TOO MANY" BRUEN, 142 S.Ct. AT 2127. IN PLACE OF THE "ROZIER" DECISION AND OTHER APPELLATE COURTS ALIKE, THE "BRUEN" COURT EXPLAINED THAT "THE STANDARD" FOR APPLYING THE SECOND AMENDMENT AS FOLLOWS: "WHEN THE SECOND AMENDMENT'S PLAIN TEXT COVERS AN INDIVIDUAL'S CONDUCT. THE CONSTITUTION PRESUMPTIVELY PROTECTS THAT CONDUCT". THE GOVERN--MENT MUST THEN JUSTIFY ITS REGULATION BY DEMONSTRATING THAT IT IS CONSISTENT WITH THE "NATION'S" "HISTORICAL" TRADITION OF FIREARM REGULATION. ONLY THEN MAY "A" COURT CONCLUDE THAT THE INDIVIDUAL'S CONDUCT FALLS OUTSIDE THE SECOND AMENDMENT'S UNQUALIFIED COMMAND" HERE, MR. BELLAMY'S CONDUCT - THE POSSESSION OF A FIREARM - IS COVERED BY THE PLAIN TEXT OF THE SECOND AMENDMENT AND IS PRESUMPTIVELY PROTECTED BY THE CONSTITUTION. AS "BRUEN" ESTABLISHES, MR. BELLAMY IS PART OF "THE PEOPLE" WHO ARE PROTECTED. THE GOVERNMENT CAN ONLY PREVAIL IF IT CAN "AFFIRMATIVELY PROVE" THAT ITS FIREARM REGULATION, "WHICH BEGAN IN 1938" IS PART OF THE HISTORICAL TRADITION THAT DELIMITS THE OUTER BOUNDS OF THE RIGHT TO KEEP AND BEAR ARMS." BRUEN, 142 S.Ct. 2127 (EMPHASIS ADDED) IT (THE UNITED STATES) CANNOT. THE COURT MUST TAKE JUDICIAL NOTICE OF THE FACT THAT "THE HISTORICAL RECORD FROM THE TIME OF THE FOUNDING DEMONSTRATES THE EXACT OPPOSITE: THAT FELONS WHO COMPLETED THEIR PUNISHMENTS WERE ALLOWED TO POSSESS FIREARMS JUST LIKE ANY OTHER MEMBER OF THE COMMUNITY. SEE: JOSEPH G. S. GREENLEE, THE HISTORICAL JUSTIFICATION FOR PROHIBITING DANGEROUS PERSONS FROM POSSESSING ARMS, 20 WYO. L. REV. 249, 283-285 (2020) (COLLECTING EXAMPLES OF THIS). LAWS PROHIBITING FELONS FROM BEARING ARMS DID NOT BEGIN TO APPEAR UNTIL THE TWENTIETH CENTRY. SEE: C. KEVIN MARSHALL, WHY CAN'T MARTHA STEWART HAVE A GUN? 32 HARV. J.L. & PUB. POL'Y 695, 708 (2009) ("THOUGH RECOGNIZING THE HAZARD OF TRYING TO PROVE A NEGATIVE, ONE WITH A GOOD DEGREE OF CONFIDENCE SAY THAT BANS ON CONVICTS POSSESSING FIREARMS-

4

WERE UNKNOWN BEFORE WORLD WAR I ") THUS, THE CHARGE (18 U.S.C 922(3)(1)) DOES NOT PREDATE THE BILL OF RIGHTS ( THE FIRST TEN AMENDMENTS OF OUR CONSTITUTION. WHICH INCLUDES THE SECOND AMENDMENT'S "THE RIGHT OF "THE PEOPLE" TO KEEP AND BEAR ARMS; est. 1791) AND THEREFORE UNCONSTITUTIONAL AS APPLIED TO MR. BELLAMY. THIS, CLEARLY AN EXTRAORDINARY AND COMPELLING REASON FOR A REDUCTION IN MR. BELLAMY'S SENTENCE. IN CLOSING, PETITIONER WOULD ASSERT THAT A EVIDENTIARY HEARING IS WARRANTED. AND UNLESS THE FILES AND RECORDS OF THE CASE CONCLUSIVELY SHOW THAT PETITIONER IS ENTITLED TO NO RELIEF.

DONE AND EXECUTED ON THIS 6th DAY OF FEBRUARY 2024 AND COPIED TO THE AUSA FOR THE SOUTHERN DISTRICT OF FLORIDA.

ALL RIGHTS RESERVED.

Marquis Bellamy

MARQUIS S. BELLAMY

REG. No. 25310509

FCI JESUP

2680 HIGHWAY 301 SOUTH

JESUP, GA. 31599

5

MARQUIS SHAROD BELLAMY
REG. No: 25310-509
FEDERAL CORRECTIONAL INSTITUTION - JESUP
2680 HIGHWAY 301 SOUTH
JESUP, GA. 31599

"LEGAL MAIL"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
ATTN: OFFICE OF THE CLERK - SN09
400 NORTH MIAMI AVENUE
MIAMI, FLORIDA 33128-7716

"LEGAL MAIL"


