FILED BY MC D.C.
MAR 20 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF FLORIDA

MARQUIS SHAROD BELLAMY,
Defendant,

v.

UNITED STATES OF AMERICA,
Respondent.

Case #21-14002-CR-MIDDLEBROOKS/MAYNARD(s)

RE: 18 U.S.C. §3582(c)(1)(A)

**MOTION TO STRIKE THE GOVERNMENT'S SECOND RESPONSE, OR THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SURRPLY**

**COME NOW,** the defendant ("Marquis Bellamy"), **Pro Se,** and respectfully moves this Court for an ORDER, granting his 'Motion To Strike The Government's Second Response, or The Alternative, Motion For Leave To File Surrply' and in support, thereof, Mr. Bellamy states the following:

## I. INCORPORATED BY REFERENCE.

Mr. Bellamy expressly incorporated by reference, the facts and legal arguments contained in his 'Motion For Compassionate Release and/or Sentence Reduction.'(ECF. No.**193**).

## II. A R G U M E N T.

**The Government Shall Be Precluded From Filing a Second Response, Because It Did Not Move or Request Leave To File Second Response.**

In this case, Mr. Bellamy, contends that the Government shall be precluded from having its 'Second Response" Filed and considered by this Court. First, On **January 27, 2024,** the Government filed its initial response, to Mr. Bellamy's §3582(c)(1)(A)-Motion (ECF. No. **195**) and Second, On **February 20, 2024,** the Government than filed a "Second Response", to Bellamy' §3582(c)(1)(A)-Motion, after, having already filed its initial response. (ECF. No. **199**).

Here, the Government did not seek permission or request leave from this Court, to file, a "Second Response" to Mr. Bellamy's §3582-Motion. Moreover, the Government, could have,

but neglected its effort to file a Motion For Leave To File A Second Response. Thus, Mr. Bellamy, has already, filed its reply to the government's initial response. Therefore, since, Mr. Bellamy has already, replied, this court should either "Strike" the government's response or grant Mr. Bellamy Leave To File a **surreply**. Nevertheless, the government can not now file an addition ("Second Response"). Again, Bellamy has already responded, and so did the government. See Forman v. Davis, 371 U.S. 222 (1962)("Leave to amend shall be freely given as a matter of course before an responsive pleading is filed").

Furthermore, any arguments that was expressly raised, brief and argue in the Government's "Second Response" (ECF. No. **199**), not was not raise in its initial response, (ECF. No. **195**), are barred by the government. Foster v. United States, 996 F.3d 1100,1106-07 (11th Cir. 2021). This system is "designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief. Greenlaw v. United States, 554 U.S. 237 (2008)(quotation omitted). "...party presentation principle is supple, not ironclad," and there are "no doubt circumstances in which a modest initiating role for a court is appropriate." United States v. Sineneng-Smith, 140, S.Ct.(2020). To the end, the Supreme Court has recognized a distinction between waived issues and forfeited issues. Wood v. Milyard, 566 U.S. 463 n.4 (2012); Day v. McDonough, 547 U.S. 198 (2006).

In this case, Mr. Bellamy, therefore, submit's, that since, the government did not seek permission by this court to file a "Second Response" this court should "Strike" the Governmemt's "Second Response" or in the alternative allowed Mr. Bellamy Leave to File a "Sur-reply" response, within a fixed-time by this court. First Specifialty Ins. Corp. v., 633 Partners, 300 F. App'x 777,788 (11th Cir. 2008)("A district court's decision to permit the filing of a **surreply** is purely discretionary and should generally only be allowed when a valid reason for such additional briefing exists[.]"). Consequently, Mr. Bellamy are guaranteed a fair process, not just a result. Cf. Niz-Chavez v. Garland, 141 S.Ct. 1474, 1486 (2021)("If men must turn square corners when they deal with the government, it cannot be too much to expect the government to turn square corners when it deal with them.").



(Cont'd)

In sum, to the extent, this Court denies Mr. Bellamy's instant motion, than this court should, as a praticle matter, permit Bellamy to file a 'Surreply' response. Accordingly, the government's "Second Response" to Mr. Bellamy's §3582(c)(1)(A)-Motion, should be denied.

**CONCLUSION.**

For the foregoing reasons stated, herein, Mr. Bellamy respectfully request that this Court to deny the Government's "Second Response" **(ECF. 199)**, or in the alternative permit Bellamy to file a **'Surreply'** response, within Thirty **(30)-days** from any Order, issue by this court, or any other relief this court deemed appropriate, fair and equitable.

Respectfully submitted,

/s/ Marquis Bellamy
Marquis Bellamy
**Pro Se**

**CERTIFICATE OF SERVICE.**

I, the undersigned, certify, that a foregoing copy of the defendant's "MOTION TO STRIKE THE GOVERNMENT'S SECOND RESPONSE, OR THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SURRPLY." was mailed, via First-Class mail, postage prepaid, to the following listed below: On this, 15 day of **March 2024.**

**MAILED TO:**

Michael D. Porter
Assistant United States Attorney
101 South U.S. Highway 1, Suite #3100
Fort Pierce, Florida 34950

Respondent.

Respectfully submitted,

/s/ Marquis Bellamy
Marquis Bellamy
Register Number: 25310-509
FCI-Jesup
2680 High 301 South
Jesup, Georgia 31599

Defendant.

Marquis Bellamy
Register Number: 25310-509
Federal Correctional Institution-Jesup
2680 Highway 301 South
Jesup, Georgia 31599

JACKSONVILLE,FL FI
FRI 15 MAR 2024

Clerk
United
For TH
400 N.
Miami,

**"LEGAL MAIL"** **"LEGAL MAIL"**

FCI JESUP
MAR 15 2024
Mail Room/R&D