FILED BY MC D.C.
JUL 23 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MARQUIS SHAROD BELLAMY
v. PETITIONER,
UNITED STATES OF AMERICA,
RESPONDENT,

CASE NO: 21-14002-CR-MIDDLEBROOKS

MOTION FOR A SENTENCE REDUCTION PURSUANT TO
18 U.S.C. §3582(c)(1)(A) PURSUANT TO AMENDMENT
OF 2023 & FIRST STEP ACT OF 2018

Now Comes, Marquis Sharod Bellamy, Pro Se, Petitioner moves the Court to accept this Motion For a Sentence Reduction based on the First Step Act of 2018 and Amendment of §1B1.13 of 2023.

FIRST STEP ACT OF 2018

Pursuant to the First Step Act of 2018 which changed the penalty of 21 U.S.C. §841(b)(1), the First Step Act of 2018 now requires that predicate conviction be a "serious drug felony" as defined by 21 U.S.C. §802(57) see also §924(e)(2).

AMENDMENT OF U.S.S.G. §1B1.13 OF 2023

Pursuant to Amendment 1B1.13 which added a new category for extraordinary and compelling reasons for 18 U.S.C. §3582(c)(1)(A) relief.

**CHANGE IN LAW; 1B1.13(c): A change in [the] law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statment. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.**

DISCUSSION

Defendant pled guilty to Count1: Conspiracy to distribute in violation of 21 U.S.C.§§841(a)(1) & 841(b)(1)(c) and §846, and Count17: Possession of a firearm and ammunition in violation of 18 U.S.C. §922(g)(1). On July 1, 2021 the Court imposed a sentence of 180 months imprisonment as to Count 1 & 17 to run concurrently followed by 3 years of supervised release. Moreover, the Court found that Petitioner was a Career and an Armed Career Criminal Offender in imposing the 180 month(s) sentence.

## REQUEST FOR REDUCTION PURSUANT TO §3582(c)(1)(A)

Based on the First Step Act of 2018 changes to §841(b)(1) which now has changed the requirements that the predicate conviction has to be a "serious drug felony" as defined by 21 U.S.C. §802(57) rather than mere "felony drug offense".

With that said the Petitioner states that he **does not** have the required predicate offense(s) required for the Career Offender or the Armed Career Criminal Act (ACCA) sentence enhancement[s]. Insofar as the Court based its sentence enhancement on its findings that the Petitioner's prior convictions (Marijuana) qualified as valid prior predicate offense(s) for the Career & Armed Career Offender enhancement(s).

However, **if this Court would see United States v. Latson, 2022 U.S. App. Lexis 22600 No. 19-14934 (11th Cir. 2022), which holds that Florida's Statute 893.13 "Marijuana" is not a "serious drug offense" for the ACCA enhancement, as such, the "marijuana"convictions cannot also be used to enhance Petitioner's sentence under the Career Offender, and First Step Act of 2018.**

**Therefore, Petitioner avers that if sentenced to TODAY Petitioner would not be sent--ence as a Career Offender or an Armed Career Criminal either. Moreover, for the §922(g)(1) count which has a maximum statutory sentence of ten (10) years, However, the Guidelines Manual called for a sentence of 51-71 months.**

**Furthermore, Count II also had a maximum statutory penalty of ten (10) years with a Guidelines Range of 96 - 105 Months/Base Offense Level ____/Criminal History Category III / Criminal History Points 6 Pts.**

**Wherefore without the enhancements Petitioner would receive a sixty (60) month decrease in his sentence if sentenced today.**

## EXTRAORDINARY AND COMPELLING

Petitioner argues that this change in the First Step Act definition of "serious drug felony" and the U.S. Court of Appeals for the Eleventh Circuit recent case law authorities holding that Fla. Stat. 893.13(Marijuana) offense does not qualify as a "serious drug felony" constitutes as extraordinary and compelling reasons warranting a sentence reduction pursuant to 18 U.S.C. §3582(c)(1)(A). **Whereby this Court's "Analysis" should be based on that extraordinary and compelling reason for reduction in Petitioner's sentence.**

## 18 U.S.C. §3553(a) Factors

Petitioner avers that the §3553(a) factors warrants a reduction in sentence. Furthermore, Petitioner is not a danger to any other person or the community pursuant to and provided by 18 U.S.C. §3142(g) see: U.S. Guidelines Manual §1B1.13(2).

## EXHAUSTION OF REMEDIES

Petitioner requested that the Warden at FCI-Jesup files or grants Petitioner a sentence reduction pursuant to 18 U.S.C. §3582(c)(1)(A) motion. However, the Warden failed to respond with the 30 day time frame. SEE: Exhibit

## CONCLUSION

Based on the foregoing Petitioner humbly requests that the Court **GRANTS** this Motion For Reduction In Sentence pursuant to 18 U.S.C. §3582(c)(1)(A).

Done and Executed on this 14 day of June ,2024.

RESPECTFULLY SUBMITTED,

/s/ Marquis Bellamy

FEDERAL CORRECTIONAL INSTITUTION
2680 U.S. HWY 301 SOUTH
JESUP, GA. 31599

Marquis Sharod Bellamy Reg No. 25310 509
Federal Correctional Institution
2680 U.S. HWY. 301 South
Jesup, GA. 31599

JACKSONVILLE FL 32
17 JUL 2024 PM 1

FOREVER / USA

Office of the Clerk
400 N. Miami Ave.
Room - 8N09
Miami, Fla. 33128-7716

33128-771699