**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.   21-CR-14002-MIDDLEBROOKS/MAYNARD(s)(s)**

**UNITED STATES OF AMERICA,**

**v.**

**MARQUIS SHAROD BELLAMY,**
     **a/k/a "Bumpy,"**

                    **Defendant.**
_____/

**UNITED STATES' RESPONSE TO DEFENDANT'S PETITION FOR RELIEF OF**
**JUDGMENT**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby responds to the Petition for Relief of Judgment filed by the defendant, Marquis Sharod Bellamy, a/k/a "Bumpy" ("Bellamy"), as follows:

The United States respectfully submits: (1) Bellamy is barred by AEDPA from filing the instant petition; (2) *Erlinger v. United States* does not apply retroactively to cases on collateral review; and (3) the instant petition is untimely.

**BACKGROUND**

On February 4, 2021, the United States charged Bellamy, Coy Lee Bellamy, Jr., Takaria Vashon McCray, and Markyrie McCray, Sr. in a Second Superseding Information with, among other things, conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 (Count One), and Bellamy with possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Seventeen) [ECF No. 39].

On April 7, 2021, Bellamy pled guilty to Counts One and Seventeen of the Second Superseding Information pursuant to a written plea agreement with the United States [ECF Nos. 91-92].

On July 1, 2021, the Court sentenced Bellamy to 180 months' imprisonment, which consisted of 180 months on Count One and 180 months on Count Seventeen, to be served *concurrently*, followed by three years of supervised release [ECF Nos. 122-23].   Bellamy was sentenced as an armed career criminal on Count Seventeen, which subjected him to a mandatory minimum sentence of 180 months' imprisonment.   Bellamy has prior felony convictions under Florida law for, among other things, possession of cannabis within 1000 feet of a church with the intent to sell (2013), possession of cannabis within 1000 feet of a church with the intent to sell (2013), and sale of cannabis within 1000 feet of a church (2013) [PSI at ¶¶ 82-84; *see also* ECF No. 116, Ex. A].[1]

Bellamy was also sentenced as a career offender on Count One, under Section 4B1.1(a) of the Sentencing Guidelines, based on the same convictions and a 2017 conviction for possession of cannabis with intent to sell [PSI at ¶¶ 75, 88; *see also* ECF No. 116, Ex. B].

Bellamy's judgment of conviction was entered on July 2, 2021 [ECF No. 123].   Bellamy did not file an appeal.

---

[1] The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), mandates a fifteen-year minimum sentence for a felon who unlawfully possesses a firearm or ammunition after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another[.]"   18 U.S.C. § 924(e)(1).   As relevant here, the statute defines "serious drug offense" as "an offense under the Controlled Substances Act ["CSA"] . . . for which a maximum term of imprisonment of ten years or more is prescribed by law" or "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law."   18 U.S.C. § 924(e)(2)(A)(ii).

On November 17, 2022, Bellamy filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" ("Section 2255 Motion"), in which he requested the Court to vacate his sentence on Count Seventeen based on *United States v. Latson*, 2022 WL 3356390 (11th Cir. Aug. 15, 2022),[2] and resentence him without regard to ACCA [*Bellamy v. United States*, 22-cv-14391, ECF No. 1].[3]   Bellamy alleged his trial counsel failed to properly investigate whether his Florida convictions for possession of cannabis within 1000 feet of a church with intent to sell (2013), possession of cannabis within 1000 feet of a church with intent to sell (2013), and sale of cannabis within 1000 feet of a church (2013) qualified as "serious drug offenses" under ACCA based on certain nuances between the definitions of marijuana under Florida and federal law.

On February 6, 2023, the United States responded to Bellamy's Section 2255 Motion [*Bellamy v. United States*, 22-cv-14391, ECF No. 14].

On February 27, 2023, Bellamy filed a "Petition to Supplement 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence with the Authority of *United States v. Dupree*" ("Supplemental Section 2255 Motion") [*Bellamy v. United States*, 22-cv-14391, ECF No. 17]. Bellamy further alleged that he was misclassified as a career offender based on *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (*en banc*),[4] and that his sentence on Count One was, therefore, "unlawful and illegal."

---

[2]  In *Latson*, the Eleventh Circuit held, among other things, that post-1979 convictions for possession of cannabis with intent to sell and sale of cannabis under Florida law are not "serious drug offenses" under ACCA.   2022 WL 3356390, at *3-4.

[3]  A prisoner's *pro se* Section 2255 motion is deemed filed the date it is delivered to prison authorities for mailing.   Absent evidence to the contrary, it is presumed that a prisoner's *pro se* Section 2255 motion was delivered to prison authorities for mailing the day it was executed.   *See, e.g., Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[4]  In *Dupree*, the Eleventh Circuit held that the definition of "controlled substance offense" in the

On April 3, 2023, the United States responded to Bellamy's Supplemental Section 2255 Motion [*Bellamy v. United States*, 22-cv-14391, ECF No. 21].

On June 14, 2023, the Court entered an Order denying Bellamy's Section 2255 Motion and Supplemental Section 2255 Motion *with prejudice* [*Bellamy v. United States*, 22-cv-14391, ECF No. 23].   The Court found that Bellamy's Section 2255 Motion and Supplemental Section 2255 Motion were time-barred, and that his trial counsel was not constitutionally ineffective for failing to predict changes in the law that might have benefitted him at sentencing.   The Court also denied a certificate of appealability.

On January 10, 2024, Bellamy filed a Petition for Sentence Reduction Under Section 3582(C)(1)(A) ("3582 Petition"), in which he sought compassionate release based on alleged changes in the law [ECF No. 193].   Specifically, Bellamy claimed he was entitled to relief under Section 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13(b)(6) because: (1) *Latson* represents a change in the law that produced a gross disparity between the sentence he is now serving and the sentence likely to be imposed if he were sentenced today; (2) *Dupree* represents a change in the law that produced a gross disparity between the sentence he is now serving and the sentence likely to be imposed if he were sentenced today; and (3) *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022) represents a change in the law that produced a gross disparity between the sentence he is now serving and the sentence likely to be imposed if he were sentenced today.

On January 27, 2024, the United States responded to Bellamy's 3582 Petition [ECF No. 195].

---

career offender provisions of the Sentencing Guidelines does not include inchoate offenses, such as conspiracy.   57 F.4th at 1279-1280.

4

On January 30, 2024, Bellamy filed a Motion to Reduce Sentence, in which he reiterated one of the arguments he made in his Section 2255 Motion and Supplemental Section 2255 Motion [ECF 196]. Specifically, Bellamy again challenged his sentence on Count Seventeen based on *Latson*, and requested the Court to resentence him without regard to ACCA.

On April 24, 2024, the Court entered an Order denying Bellamy's Petition for Sentence Reduction Under Section 3582(C)(1)(A) and Motion to Reduce Sentence [ECF No. 210]. The Court found, among other things, that Bellamy: (1) was not eligible for a sentence reduction under Section 1B1.13(b)(6) of the Sentencing Guidelines because he has not served at least 10 years of his underlying federal sentence; and (2) failed to demonstrate a change in the law that produced a gross disparity between the sentence he is now serving and the present because his conspiracy conviction would still constitute a "controlled substance offense" under the career offender provisions of the Sentencing Guidelines.

On November 6, 2024, Bellamy filed a Petition for Relief of Judgment ("*Erlinger* Petition"), in which he argues that he is entitled to a resentencing or bifurcated trial with respect to Count Seventeen based on *Erlinger v. United States*, 602 U.S. 821 (2024) [ECF No. 214].[5]

## ANALYSIS

A federal district court generally may not modify or revisit a sentence of imprisonment once it has been imposed. Indeed, "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th

---

[5] In *Erlinger*, the Supreme Court held that under *Apprendi v. New Jersey*, 530 U.S.466 (2000), the question of whether predicate offenses under ACCA occurred on separate occasions is a question of fact that must be determined by a unanimous jury beyond a reasonable doubt. *Erlinger*, 602 U.S. at 834–35. "Judges may not assume the jury's factfinding function for themselves, let alone purport to perform it using a mere preponderance-of-the-evidence standard." *Id*. at 834.

Cir. 2010) (emphasis added). "The law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (internal marks and citation omitted). "No one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation on issues already resolved." *Mackey v. United States*, 401 U.S. 667, 691 (1971) (Harlan, J., concurring in part and dissenting in part).

A district court has the authority to consider a request to modify or reduce a defendant's sentence in the following limited circumstances: (1) a petition for compassionate release under 18 U.S.C. § 3582(c)(1)(A); (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; (3) a remand following an appeal pursuant to 18 U.S.C. § 3742; or (4) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. *See* 18 U.S.C. § 3582(b-c); *cf.* 28 U.S.C. § 2255 (permitting defendants to request the court which imposed the sentence to vacate, set aside or correct the sentence under limited circumstances).

Bellamy has failed to identify any procedural vehicle that would allow the Court to modify or reduce his sentence at this juncture.[6]  Thus, the United States will treat Bellamy's *Erlinger* Petition as a second or successive 2255 motion.

---

[6] To the extent Bellamy seeks to rely on Rule 35, he is untimely.  *See* Fed. R. Crim. P. 35(a)("*Within 14 days after sentencing*, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.") (emphasis added); *United States v. Shaw*, 711 F. App'x 552, 555 (11th Cir. 2017) ("We have held that Rule 35's time limit is jurisdictional and a district court has no inherent authority to modify a sentence outside of those time limits.") (internal marks and citation omitted).

**A.      Bellamy is barred by AEDPA from filing a second or successive 2255 motion.**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") expressly provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."   28 U.S.C. § 2255 (h)(1)-(2).

Bellamy has failed to obtain proper authorization from the Eleventh Circuit to file a second or successive 2255 motion.   *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); *United States v. Searcy*, 448 F. App'x 984, 985 (11th Cir. 2011) ("[A] federal prisoner who wishes to file a second or successive motion to vacate, set aside, or correct sentence is required to move the court of appeals for an order authorizing the district court to consider such a motion[.]") (citing 28 U.S.C. § 2255(h)); *United States v. Davis*, 2024 WL 4544255, at *2 (M.D. Fla. Oct. 22, 2024) ("Davis's present motion is an unauthorized second or successive motion under Section 2255.   Because Davis lacks authorization from the circuit court to file the motion, the district court is without jurisdiction to consider the motion.   To file a second or successive Section 2255 motion, Davis must first obtain authorization from the circuit court.") (internal citation omitted).

Because Bellamy previously filed a Section 2255 motion that was denied, and because there is no indication that Bellamy has received prefiling authorization from the Eleventh Circuit, Bellamy's *Erlinger* Petition is subject to dismissal for lack of jurisdiction.

**B.**     ***Erlinger* does not apply retroactively to cases on collateral review/Bellamy's *Erlinger* Petition is untimely.**

AEDPA provides a one-year statute of limitations for filing a petition under Section 2255. Specifically, Section 2255(f) mandates that a "1-year period of limitation shall apply to a motion under this section.   The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Bellamy's judgment of conviction was entered on July 2, 2021, and became final 14 days later on July 16, 2021.   Fed. R. App. P. 4(b)(1)(A).   "Typically, the applicable triggering date is 'the date on which the judgment of conviction becomes final.'"   *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) (quoting 28 U.S.C. § 2255(f)(1)).   Bellamy does not allege that any illegal action by the government prevented him from timely filing his *Erlinger* Petition (Section 2255(f)(2)); nor does he allege any facts affecting his case that could not have previously been discovered through the exercise of due diligence (Section 2255(f)(4)).

Accordingly, the inquiry becomes whether *Erlinger* recognized a new right that applies retroactively to cases on collateral review.[7]

---

[7] If *Erlinger* does not apply retroactively to cases on collateral review, the deadline for Bellamy to seek relief under Section 2255 based on the claims arrested in his *Erlinger* Petition was July 16,

Generally, a newly recognized right applies retroactively on collateral review only in limited circumstances.  *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004).   And, "[n]ew procedural rules do not apply retroactively on federal collateral review."  *Edwards v. Vannoy*, 593 U.S. 255, 272 (2021).   "'[A] court other than the Supreme Court may determine retroactivity under § 2255(f)(3).'"  *Steiner v. United States*, 940 F.3d 1282, 1289 (11th Cir. 2019) (quoting *Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1207 (11th Cir. 2012)).

To determine if *Erlinger* applies retroactively, the Court must apply the test set forth in *Teague v. Lane*, 489 U.S. 288, 301 (1989).   First, the Court must determine whether *Erlinger* announced a new rule.   Second, the Court must "determine whether that new rule satisfies an exception to the general prohibition against the retroactive application of new rules on collateral review."  *Figuereo-Sanchez*, 678 F. 3d at 1208.

The Supreme Court has identified two exceptions to this general prohibition on retroactive application of new rules on collateral review.   The two exceptions are for (1) new substantive rules and (2) "'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding."  *Schiro*, 542 U.S. at 351-52.   Substantive rules are "rules forbidding criminal punishment of certain primary conduct" and "rules prohibiting a certain category of punishment for a class of defendants because of their status or offense."  *Montgomery v. Louisiana*, 577 U.S. 190, 198 (2016).   The "watershed" exception is extraordinarily rare, and the Supreme Court has not recognized a single post-*Teague* rule as a "watershed" exception. *Edwards*, 593 U.S. at 264.

---

2022.

Here, "the *Teague* inquiry easily leads to the conclusion that *Erlinger* announced a new rule of criminal procedure that is not retroactive."  *Grant v. United States*, 2024 WL 4729193, at *3 (M.D. Fla. Nov. 8, 2024) (internal marks and citation omitted); *see also Stackhouse v. United States*, 2024 WL 5047342, at *7 (M.D. Fla. Dec. 9, 2024) (same); *Ursery v. United States*, 2024 WL 4652209, at *4 (M.D. Tenn. Nov. 1, 2024) (same).  While *Erlinger* announced a new rule because (at the time of Bellamy's conviction) district courts routinely decided whether a defendant's three qualifying ACCA convictions were committed on different occasions, the new rule does not fall under either of *Teague*'s exceptions.  *Erlinger*'s new requirement that only a jury can consider the ACCA's occasions inquiry is not a "substantive rule" because it only alters "the manner of determining the defendant's culpability."  *Edwards*, 593 U.S. at 276 (quotations omitted).  Such a procedural rule does "not apply retroactively on federal collateral review."  *Id*.; *see Schriro*, 542 U.S. at 353 (finding that decisions requiring that a factual determination be made by a jury "are prototypical procedural rules"); *Erlinger*, 602 U.S. 821, 859 n.3 (2024) (Kavanaugh, J., dissenting) ("For any case that is already final, the *Teague* rule will presumably bar the defendant from raising [*Erlinger*'s] new rule in collateral proceedings.").

Next, there is no indication that *Erlinger* is a watershed rule of criminal procedure.  Only one "watershed" exception has ever been identified by the Supreme Court: the landmark decision in *Gideon v. Wainwright*, 372 U.S. 335, 344–345 (1963).  *Edwards*, 593 U.S. at 267.  Unlike *Gideon*, *Erlinger* is not a landmark decision that has altered "our understanding of the bedrock procedural elements essential to the fairness of a proceeding."  *Id*. (quoting *Whorton v. Bockting*, 549 U.S. 406, 417-18 (2007)).  Indeed, the Supreme Court has explicitly told future litigants that,

> If landmark and historic criminal procedure decisions—including *Mapp*, *Miranda*, *Duncan*, *Crawford*, *Batson*, and now *Ramos*—do not apply retroactively on federal collateral review, how can any additional new rules of criminal procedure apply

retroactively on federal collateral review? At this point, some 32 years after *Teague*, we think the only candid answer is that none can—that is, no new rules of criminal procedure can satisfy the watershed exception. We cannot responsibly continue to suggest otherwise to litigants and courts.

*Edwards*, 593 U.S. at 271.

In summary, *Erlinger* does not apply retroactively to cases on collateral review, and Bellamy's *Erlinger* Petition is untimely.

## CONCLUSION

Based on the foregoing, the United States respectfully submits Bellamy's Petition for Relief of Judgment is due to be dismissed for lack of subject matter jurisdiction, or denied outright.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: **/s/Michael D. Porter**
Michael D. Porter
Assistant United States Attorney
Florida Bar# 0031149
101 South U.S. Highway 1
Suite 3100
Fort Pierce, Florida 34950
Telephone: (772) 293-0950
Email:michael.porter2@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 13, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.   All other parties will be served by either regular U.S. mail or inter-office delivery.

**/s/Michael D. Porter**
Michael D. Porter
Assistant United States Attorney
