UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14002-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

MARQUIS SHAROD BELLAMY,

Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE

**THIS CAUSE** comes before the Court pursuant to Defendant's Petition for Relief of Judgement, in Light of the Supreme Court of the United States, Finding That § 924(e)(1) as Applied Violated the Petitioner's Due Process Rights as Guaranteed Under the Fifth and Sixth Amendments (*See Erlinger v. United States*, No. 23-370) (DE 214). Defendant seeks to have the Armed Career Criminal designation removed and to be resentenced based on *Erlinger v. United States*, 602 U.S. 821 (2024).

Defendant pled guilty to Count 1, conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(C) and § 846, and Count 17, felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Defendant was sentenced as a career offender on Count One and as an Armed Career Criminal on Count Seventeen, which subjected him to a mandatory minimum sentence of 180 months imprisonment. On July 1, 2021, he was sentenced to a total of 180 months imprisonment.

On November 28, 2022, Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 challenging his convictions in which he raised multiple ineffective assistance of counsel claims for failing to challenge the Court's determination that he had the required qualifying predicate "serious drug offenses" to support his enhanced sentence under the Armed Career Criminal Act. On June 14, 2023, his motion to vacate pursuant to 28 U.S.C. § 2255 was denied (DE 23). Defendant has failed to seek authorization from the Eleventh Circuit Court of Appeals to file a successive 2255 petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir.

2003) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); *United States v. Searcy*, 448 F. App'x 984, 985 (11th Cir. 2011) ("[A] federal prisoner who wishes to file a second or successive motion to vacate, set aside, or correct sentence is required to move the court of appeals for an order authorizing the district court to consider such a motion[.]") (citing 28 U.S.C. § 2255(h)).  Defendant's petition for relief of judgment is a successive § 2255 motion.  Moreover, Defendant's *Erlinger* petition does not apply retroactively to cases on collateral review and is untimely.  Therefore, it is

ORDERED and ADJUDGED that Defendant's Petition for Relief of Judgement (DE 214) is hereby DISMISSED for lack of jurisdiction.

DONE AND ORDERED at West Palm Beach, Florida this 28th day of January 2025.

Donald M. Middlebrooks
United States District Judge

cc:     Counsel of Record
        Marquis Sharod Bellamy, Defendant