**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 2:21-CR-14002-DMM**

**UNITED STATES OF AMERICA,**

**v.**

**MARQUIS SHAROD BELLAMY,**

**Defendant.**
**______________________________________/**

# UNITED STATES RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)

Defendant Marquis Sharod Bellamy ("Defendant") moves this Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (DE 265). Defendant argues his "individualized, present day circumstances," his "institutional record," and "rehabilitation" constitute extraordinary and compelling reasons for relief (DE 265 at 11). However, Defendant fails to show he exhausted his administrative remedies and fails to show an extraordinary and compelling basis for a sentence reduction. Further, the 18 U.S.C. § 3553(a) factors disfavor release. Accordingly, the Court should deny Defendant's motion.

## BACKGROUND

On April 7, 2021, Defendant pled guilty to conspiracy to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 (Count 1); and possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 17) (DE 91-92). These charges were based on a confidential informant purchasing cocaine from Defendant on approximately three occasions, lawfully intercepted phone calls between Defendant and a co-defendant concerning cocaine sales, and a

firearm found in Defendant's residence with DNA that was a probable match for Defendant (DE 124).

In anticipation of sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSI"), which calculated Defendant's guideline range as 188-to-235-months. Defendant's prior convictions include felony fleeing to elude, possession of alprazolam, possession of cannabis, possession of cannabis with intent to sell, sale of cannabis within 1,000 feet of a church, two convictions for resisting without violence, and two convictions for possession of cannabis within 1,000 feet of a church with intent to sell (PSI ¶¶ 80-89). He received 19 criminal history points, resulting in a criminal history category of VI (PSI ¶ 92). Defendant also received career offender and armed career criminal act ("ACCA") enhancements under U.S.S.G. §§ 4B.1.1 and 4B1.4(c), which require a criminal history category of VI in Defendant's case (PSI ¶¶ 93-94). Defendant's Chapter Four Enhancement resulted in an offense level of 34 (PSI ¶ 75). However, Defendant received a three-level decrease under §§ 3E1.1(a) and 3E1.1(b) after acceptance of responsibility and timely notification to authorities of his intent to plead guilty (PSI ¶¶ 76-77). Ultimately, Defendant's total offense level was 31, resulting in his 188-to-235-month guideline range (PSI ¶ 132). On July 1, 2021, the Court sentenced Defendant to a total term of 180 months' imprisonment—the mandatory minimum sentence under 18 U.S.C. § 924(e)—followed by three years of supervised release (DE 123).

On November 17, 2022, Bellamy filed a motion to vacate under § 2255, arguing ineffective assistance of counsel (DE 187). The Court denied the motion, holding that Defendant's motions were time-barred and his trial counsel was not constitutionally ineffective (DE 189).

On January 10, 2024, Defendant filed a motion for compassionate release under § 3582(c)(1)(A), arguing his sentence would be shorter "today" due to changes in law (DE 193). On

January 30, 2024, Defendant filed a motion for sentence reduction, again arguing if he were sentenced "today," he would not receive an enhancement (DE 196). On April 24, 2024, the Court denied both motions, finding Defendant was ineligible for compassionate release under U.S.S.G. § 1B1.13(b)(6) (the "unusually long sentence" provision), would still qualify as a career offender if sentenced today, and the § 3553(a) factors weighed against release (DE 210).

On November 6, 2024, Defendant filed a petition for relief from judgment, arguing he was entitled to a resentencing or a bifurcated trial with respect to Count 17 based on *Erlinger v. United States*, 602 U.S. 821 (2024) (DE 214). The Court denied the petition for lack of jurisdiction, classifying it as a successive § 2255 motion (DE 232).

On October 19, 2026, Defendant filed the instant motion for compassionate release, arguing he is rehabilitated and that the length of his sentence is no longer necessary to satisfy the 18 U.S.C. § 3553(a) factors (DE 265 at 11-20). Defendant is serving his sentence at Jesup FCI in Georgia, with an anticipated release date of December 15, 2033. *See* Bureau of Prisons ("BOP") Inmate Locator, https://www.bop.gov/inmateloc/ (date last visited, October 28, 2026).

## I. LEGAL STANDARD

Under § 3582(c)(1)(A), Congress enacted a narrow exception to permit the courts to reduce a term of imprisonment if the defendant demonstrates: (1) there are "extraordinary and compelling reasons" for a sentence reduction; (2) the relief is consistent with the Commission's relevant policy statements in U.S.S.G. § 1B1.13 and the applicable 18 U.S.C. § 3553(a) factors; and (3) the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g).[1]

---

[1] Specifically, the 3553(a) factors include: "the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant." *United States v. Laureti*, 859 F. App'x 490, 491 (11th Cir. 2021) (citing 18 U.S.C. §

Congress directed the Commission to "describe what should be considered extraordinary and compelling reasons." 28 U.S.C. § 994(t). On November 1, 2023, the Commission amended the policy statement to six categories that constitute extraordinary and compelling reasons: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) abuse in custody; (5) other reasons; and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b).

As relevant here, "other reasons" as described in subsection (b)(5) are circumstances that are similar in gravity to those previously listed in the statute (medical, age, family, and abuse). U.S.S.G. § 1B1.13(b)(5).

Notably, in this Circuit, courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with § 1B1.13. *See United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Defendant bears the burden of establishing relief is warranted. *See United States v. Alonge*, 2022 WL 1135533 (11th Cir. 2022) (per curiam).

## II. ARGUMENT

### *A. Defendant failed to show he exhausted his administrative remedies*

Defendant must first exhaust his administrative remedies before seeking a sentence reduction from the Court:

> The court … upon motion of the defendant *after the defendant has fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment …

---

3553(a)(1) – (2)).

The § 3142(g) factors are largely duplicative of those in § 3553(a). The factors include, among others: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

18 U.S.C. § 3582(c)(1)(A) (emphasis added). The "exhaustion requirement is not jurisdictional" but is instead a "claim-processing rule." *United States v. Harris*, 989 F.3d 908 at 911 (11th Cir. 2021). "Claim-processing rules require that the parties take certain procedural steps at certain specified times." *Id.* The exhaustion requirement is "mandatory, in the sense that a court must enforce the rule if a party properly raises it." *Id.; see also United States v. Walker*, 2021 WL 1749976, at *2 (S.D. Fla. May 4, 2021) (Altman, J.) ("Walker, in short, has failed to exhaust his administrative remedies—and so, his Motion must be DENIED.").

Defendant asserts he submitted a request for compassionate release to the warden of his facility and received no response (DE 265 at 12). Defendant does not provide a copy of his request or the date he submitted it. BOP has further advised that they do not have record of Defendant's request in their compassionate release database.[2] Accordingly, Defendant has not met his burden to show exhaustion of his administrative remedies, and the Court may not grant him relief under § 3582(c). *Walker*, 2021 WL 1749976, at *2.

***B. Defendant provides no extraordinary and compelling reason for relief***

Even if this Court finds Defendant exhausted his administrative remedies, Defendant has no valid basis to support his claim for compassionate release. In his motion, Defendant acknowledges a motion for compassionate release must be supported by extraordinary and compelling circumstances (DE 265 at 11-14). He also acknowledges § 1B1.13 is the relevant—and binding—source for what may be considered an extraordinary and compelling circumstance (DE 265 at 14). However, Defendant fails to specify which § 1B1.13 subsection provides him grounds for relief; instead, he tersely cites his "sustained rehabilitation, institutional record, and the totality of his present circumstances" (DE 65 at

---

[2] The undersigned has attempted to contact Jesup FCI directly, but has not received a reply as of the date of filing.

14).

Defendant appears to seek relief under § 1B1.13(b)(5)'s "other reasons" provision. Yet, his claim is without merit because he failed to assert reasons similar in gravity to those previously listed in the statute (medical circumstances, family circumstances, age-related concerns, or status as a victim of abuse). U.S.S.G. § 1B1.13(b)(5). The circumstances described in subsections (b)(1) through (b)(4) permit relief due to some external factor: a terminal illness or serious medical condition, deterioration caused by age, the necessity to be a caretaker to an incapacitated family member, or victimization while in custody. These are specific circumstances that all pertain to a defendant's physical wellbeing in prison or the wellbeing of a family member as a result of the defendant's incarceration. U.S.S.G. § 1B1.13(b). Defendant's motion is not grounded on any claims of a similar nature.

Defendant cites his rehabilitation and argues the length of his sentence is no longer necessary to satisfy the 18 U.S.C. § 3553(a) factors (DE 265 at 11-20). Specifically, he states that his "educational accomplishments, participation in treatment and programming, institutional employment, and sustained commitment to personal growth demonstrate that he has taken meaningful steps to distance himself" from his previous conduct (DE 265 at 18). None of these reasons are equivalent to debilitating illness, family needs, or in-custody abuse. Moreover, courts may not reduce a sentence under § 3582(c)(1)(A) unless the reduction is consistent with § 1B1.13 (s*ee Bryant*, 996 F.3d at 1262), and Congress has expressly directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

Section 1B1.13(b)(5) is not a kitchen sink, and reasons that are not compelling as a matter of law do not become compelling simply because they are aggregated. None of Defendant's complaints, taken individually or together, are similar in gravity to the other claims possible under

§ 1B1.13(b), and do not amount to an extraordinary and compelling basis for relief.

### *C. The Court does not have jurisdiction to hear Defendant's claims regarding calculation of his sentence*

Defendant devotes an entire section of his motion to questioning the "quantity of controlled substances attributed to him for purposes of questioning his advisory guideline range" (DE 265 at 22). Defendant suggests that "the resulting offense level and advisory [g]uidelines range may not accurately reflect the conduct properly attributable to [Defendant]," and asks that the sentencing record identify the "transactions, quantities, and evidentiary sources" supporting the amount of cocaine attributed to him in the PSI (DE 265 at 27). Defendant then questions whether his sentence would reflect the "relevant conduct properly attributable to him" in light of this evidence (DE 265 at 27).

This Court previously denied Defendant's petition for relief from judgement on the grounds that it was an unauthorized and successive § 2255 motion to vacate (DE 232). It should similarly deny Defendant's request to re-examine the basis for his sentencing as a successive § 2255 motion. In any event, the quantity of cocaine attributable to the Defendant, for the purposes of his plea and sentencing, is clearly described in the factual proffer signed by Defendant (DE 124) and the Offense Conduct section of the PSI (PSI ¶¶ 11-42). Further, Defendant's total offense level and criminal history were determined in light of his career offender and ACCA enhancements—not the specific quantity of cocaine attributable to him (PSI ¶¶ 75, 93-94). Therefore, Defendant's attempts to relitigate the calculation of his sentence in this motion are improper and should be denied by this Court for lack of jurisdiction. Defendant's sentencing-related arguments are meritless and do not provide a valid basis for compassionate release under § 3582(c)(1)(A).

### *D. The § 3553(a) factors disfavor release*

Defendant spends the majority of his motion arguing for relief under the § 3553(a) factors. Defendant advises that he has matured, completed rehabilitative programing, acquired a

commitment to lawful conduct that was not present at the time of sentencing, and that "continued incarceration risks diminishing returns" (DE 265 at 19). However, the § 3553(a) factors still warrant completion of his full sentence.

This Court has previously ruled that the nature and circumstances of the instant offense, Defendant's criminal history, and the § 3553(a) factors weigh against a sentence reduction (DE 210), and that remains the case today. Defendant has a long history of distributing dangerous drugs throughout the community—behavior that he continued even after multiple prior convictions. His criminal history at the time of sentencing revealed a background of drug-related offenses that included the following convictions: felony fleeing to elude; possession of cannabis with intent to sell; sale of cannabis within 1,000 feet of a church; two convictions for resisting without violence; and two convictions for possession of cannabis within 1,000 feet of a church with intent to sell (PSI ¶¶ 80-89). In the instant case, Defendant graduated to selling cocaine and possession of a firearm as a convicted felon (DE 124). The scope of Defendant's behavior leading up to, and including, the instant offense reveals a significant disregard for laws designed to protect the community and prevent the sale of illegal drugs. Defendant received the mandatory minimum sentence applicable to his behavior and has only served approximately 38 percent of that sentence. *See* Exhibit 1, *Public Information Inmate Data*. Relief is not warranted because Defendant's original sentence reflects the seriousness of his underlying offense, promotes respect for the law, provides just punishment, and provides deterrence from criminal conduct. *See United States v. Chambliss*, 948 F.3d 691 at 693 (5th Cir. 2020) (stating that "compassionate release is discretionary, not mandatory, and c[an] be refused after weighing the sentencing factors of 18 U.S.C. [section] 3553(a)").

## IV. CONCLUSION

Accordingly, Defendant's motion should be denied.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: */s/ Chad A. Lyle*
Chad A. Lyle
Assistant United States Attorney
Florida Bar No. 1058837
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401
Telephone: 561-209-1011
Email: chad.lyle@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 28, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and delivered the document by United States Mail to *pro se* Defendant: Marquis Sharod Bellamy, #25310-509, at Jesup FCI, Jesup, GA 31599.

*/s/ Chad A. Lyle*
Chad A. Lyle
Assistant United States Attorney

**SERVICE LIST**

**Marquis Sharod Bellamy**
25310-509
Jesup FCI
Jesup, GA 31599
PRO SE